KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER          Bar No. 066401
NANCY BARRON             Bar No. 099278
445 Bush St., 6th Floor
San Francisco, CA  94108
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901
bryan@kbklegal.com
nancy@kbklegal.com

CHAVEZ & GERTLER LLP
MARK A. CHAVEZ           Bar No. 090858
NANCE F. BECKER         Bar No. 099292
42 Miller Ave.
Mill Valley, CA  94941
Telephone:  (415) 381-5599
Facsimile:  (415) 381-5572
nance@chavezgertler.com
christian@chavezgertler.com

Attorneys for Plaintiffs and the proposed class

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD SALIMI; AUGUST GALARAGA, ALVIN LEUNG, and VELIA SERRANO<br><br>     Plaintiffs,<br><br>  vs.<br><br>BMW FINANCIAL SERVICES NA, LLC; ASSET ACQUISITION GROUP, LLC; and DOES 1-50, inclusive,<br><br>     Defendants<br><br>_____/ | Case No. 3:12-cv-1754 JSW<br><br>CLASS ACTION<br><br>**DECLARATION OF NANCY BARRON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Date:  January 24, 2014**<br>**Time:  9:00 a.m.**<br>**Dept:   Courtroom 11, 19th Floor**<br>**Hon. Jeffery S. White** |

I, NANCY BARRON, declare:

1.      I am an attorney licensed to practice law in all of the courts of the State of California including the court in which this action is pending.  Our law firm, Kemnitzer, Barron, & Krieg, LLP, was retained by some of the Plaintiffs in this litigation.  I have personal knowledge of the information stated below, based upon my knowledge of the facts and review of the file, and I am competent to testify thereto.

2.      The facts and procedural history stated in the accompanying memorandum in support of this motion are accurate to the best of my knowledge based upon my review of the file, discussions with opposing counsel, my law partner Bryan Kemnitzer and co-counsel Mark Chavez, evaluation of documents produced, research and discovery in this matter.

3.      This case was brought as a putative class action based upon what Plaintiffs contend to be the Defendants' failure to strictly comply with California's Automotive Sales Finance Act, commonly known as the "Rees-Levering Act."  This statute regulates the content of Notices of intent to sell vehicles after repossession (commonly referred to as "Notices of Intent" or "NOI"). The named class representatives and other similarly situated class members received such a notice.  Plaintiffs allege that, because the subject NOI failed to comply with California law, the Defendants are prevented from collecting any deficiencies on the applicable accounts, whether or not in default. In particular, the borrowers are not supposed to be required to call the lender to find out exactly how much, or to whom, payment must be made, as a condition precedent to reinstating the loan and getting the repossessed car back. The First Amended Complaint states causes of action based on violation of the Unfair Competition Law, Business & Professions Code §17200, *et seq*, and violation of the Rees-Levering Act, Civil Code §2981, *et seq.* The Defendants denied the allegations.

4.      As remedies for the alleged violations, Plaintiffs seek to recover amounts paid by consumers on claimed deficiencies based upon the NOI, and related business practices, which

failed to comply with California's Rees-Levering Act during the specified class period, and further seek a waiver of the claimed debts, cessation of collection activities on the subject accounts, and deletion of the negative trade line in credit reporting activity.  Again, Defendants denied the allegations that these are appropriate remedies under the circumstances and pleadings.

5.      Nonetheless, by terms of this proposed settlement, each affected class member will get substantial and significant relief, as described in the settlement agreement itself, and as further discussed in the accompanying memorandum.

6.      The Defendants have provided class data by way of the Declaration of Chris Chadwick (*See* Exhibit A to Kemnitzer Declaration, filed herewith), that there are about 5,178 class members, whose total outstanding deficiencies are nearly $51 million; and that 636 of these class members paid a total of $2,088,202.43 to BMW or its assignees.  We rely on the Declaration of Chris Chadwick for these class numbers. The efforts toward confirmatory discovery are more fully set forth in the Kemnitzer Declaration.

7.      Pursuant to terms of the settlement, defendants will stop collecting the entire outstanding deficiency balances, and will take specified concrete steps to promote credit repair with respect to the subject accounts. In addition, the Defendants offer to pay $2,088,202.43 in restitution to those class members who paid any amount toward their deficiency balance. Thus, the class will automatically obtain 100% relief from the claimed deficiency debt outstanding at the present time.  There is no claims process.  This is an extraordinary result.

8.      These provisions, which were negotiated at arm's length and in good faith by experienced counsel, with the aid of mediation facilitated by JAMS mediator, Hon. Ronald Sabraw (Ret.). The settlement terms represent the product of extensive bargaining and negotiation on both sides. Through the exchange of information, along with prior experience with the Rees-Levering Act, class counsel gained a thorough understanding of the merits, risks, and value of the case, and

were thereby able to negotiate the best resolution for the full Settlement Class.

9.      Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement, reached among the parties in this action, and which is the subject of this preliminary approval motion.

10.     Attached to the Settlement Agreement as Exhibit C is a true and correct copy of the proposed Class Notice.  The proposed Class Notice, the template form of which I helped to draft, was designed to satisfy the requirements of the ethical Standards and Guidelines for Litigation and Settling Consumer Class Actions propounded by the National Association of Consumer Advocates ("NACA"), published at 255 F.R.D. 215.  I am a member of NACA and a former Chair of its Board of Directors.  I served on the committee that drafted the 2009 revisions to the Guidelines.  The process involved extensive review of policy, case law, legislative history, third party commentary, as well as interviews with representatives of the plaintiff and defense bar. Further comment from the judiciary was sought and considered.  I believe the proposed Notice meets the standard known as *Guideline 11*, namely to provide "plain language disclosure of the salient aspects of a class, including the settlement terms."

11.     The settlement further provides for class notice to be sent directly to individual class members, by first class mail, using addresses updated through an address search, structured to provide class members the best notice practicable so that they can make an informed decision about whether to participate. As in other cases of this kind, I will continue to work closely with the Class Administrator throughout the notice process.

12.     The settlement also provides that class counsel are entitled to an award of fees, costs and expenses, up to $360,000.00, subject to court approval after briefing at the final fairness hearing. This amount will be separate from and in addition to the relief provided for class members.  We intend to file our fee motion prior to the deadline for the class members to opt out or object, in

compliance with the case *In re Mercury Interactive Corp. Securities Litigation,* 618 F.3d 988 (9th Cir. 2010).  While there is no general reverter of funds remaining after distribution of the class refunds, it is provided that the Defendant will be entitled to the first $105,000 of the remainder to offset costs, fees and administration of the settlement agreement.

13.     I believe the proposed settlement class meets all the requirements for class certification. The material facts and applicable law are common to all class members, and the parameters of the proposed settlement are based on discovery and the Declaration of Chris Chadwick. *See* Exhibit A to Kemnitzer Declaration, filed herewith. The settlement recognizes the adequacy of the class representatives.  In short all the elements required for class certification are met here.

14.     In my opinion, the proposed settlement is fair and reasonable, and provides substantial benefits to the class.  I recommend that the proposed settlement be preliminarily approved, that the proposed Settlement Class be certified, and that class notice be sent as provided.  Class counsel considered the full range of outcomes in arriving at this compromise.  The benefit of prompt debt relief and credit restoration is clear.  In this economy these benefits alone give significant relief to this particular demographically constituted consumer class.  For the proposed settlement class of California borrowers, justice delayed could very well be a case of justice denied.

### BACKGROUND ON ATTORNEYS TO SUPPORT OPINION

15.     I graduated from Stanford University with Honors (B.A., 1973), was a Fulbright Scholar (Germany 1974-1975), and received my J.D. from the University of California, Hastings College of Law in 1981.  I was a judicial extern to the California Supreme Court (1981).  I was admitted to the California Bar in 1981.  Bryan Kemnitzer and I began practicing consumer law together in 1984.  I have trial and appellate experience, including having tried a class action to judgment.

16.     Our co-counsel in this case, Mark Chavez, of the law firm Chavez & Gertler, LLP holds a

B.A. *summa cum laude* from the University of the Americas (1975) and J.D. from Stanford Law School (1979). He served as a Judicial Extern for the Honorable Mathew O. Tobriner, then Senior Associate Justice of the California Supreme Court. He worked for the U.S. Department of Justice in Washington, D.C., through the Attorney General's Honors Program. He then worked as an associate at Pillsbury, Madison & Sutro, and as a partner at Farrow, Bramson, Chavez & Baskin. A more complete statement of his qualifications, and those of Michael Lindsey and John Hanson, will be submitted with our petition for Final Approval in this matter.

17.     The law firms involved as class counsel each specializes in consumer litigation. Bryan and I have been law partners since 1984, and act as co-counsel in most class action cases handled by this law firm. We have tried a class action to judgment as co-lead counsel in San Francisco Superior Court. I have been co-counsel in class actions with Mark Chavez since approximately 1994.

18.     Bryan Kemnitzer and I have participated as class counsel in numerous consumer class action cases, a partial list of which follows:

- *Aguilar v Citizens Automobile Finance, Inc.,* U.S.D.C. Case No. C10-05345 (JSW)) (Northern District of California)
- *Ahsan v. Valencia Dodge*, Civil No. 307512 (San Francisco Superior Court)
- *Arguelles-Romero, et al. v. Americredit Financial Services, Inc.*, Civil No. BC410509 (Los Angeles Superior Court)
- *Asabi v. Santander Consumer USA Inc. dba Drive Financial Services,* Civil No. RG09443628 (Alameda Superior Court)
- *Assett Acceptance Corporation v. Niumalelega,* Civil No. 03-424751 (San Francisco Superior Court)
- *Bang and Johnson v. United States Fidelity and Guaranty Co., et al.*, Civil No. RG06273805 (Alameda County Superior Court)
- *Bank of Stockton v. Tolentino, et al.*, Civil No. CV 160904 (Santa Cruz Superior Court)
- *Bryan v. Franklin Capital Corp.*, Civil No. BC 340574 (Los Angeles Superior Court)
- *Cooperrider v. First Metropolitan Credit Union*, Civil No. BC321978 (Alameda County Superior Court)
- *Cross v. Ford Motor Company*, Civil No. BC281465 (Los Angeles Superior Court)
- *Croxton v. Ford Motor Company*, Civil No. MSC02-02311 (Contra Costa Superior Court)
- *Dadian v Westlake Services, Inc.*, Civil No. BC322765 (Los Angeles Superior Court)

6

- *DaimlerChrysler Financial Services Americas LLC v. Pryer, et al.*, Civil No. RIC 470466 (Riverside Superior Court)
- *Davis v. Volvo Finance North America*, Civil No. 03AS00938 (Sacramento Superior Court)
- *Dawson v. Honda Financial Services*, Civil No. RG 09443611 (Alameda Superior Court)
- *DePaula v Green Tree Servicing LLC*, Civil No. BC322375  (Los Angeles Superior Court)
- *Dilsworth v Kia Motors of America*, Civil No. H 219121-0 (Alameda County Superior Court)
- *Estrada v. Beneficial California*, Civil No. CV785139 (Santa Clara Superior Court)
- *Ford Motor Credit Co. v. O'Neal, et al.*, Civil No. 37-2007-00077225-CL-CL-SC (San Diego Superior Court)
- *Foster v. Repossess Auto Sales, et al.,* Civil No. BC 386112 (Los Angeles Superior Court)
- *Friedrichs v. BMW Financial Services*, U.S.D.C. C08-4486 PJH (Northern District of California)
- *Gitti v. Mercedes Benz Credit*, Civil No. BC359251 (Los Angeles County Superior Court)
- *Gonzalez v. Hayward Dodge*, Civil No. H208451-4 (Alameda Superior Court)
- *Graham v. DaimlerChrysler*, Civil No. BC215624 (Los Angeles County Superior Court)
- *Guillermo v. RLB, Inc.*, Civil No. 12878 (Solano Superior Court)
- *Gutierrez v. Auto West, Inc.,* Civil No. 317755 (San Francisco Superior Court)
- *Harrell v US Bancorp*, Civil No. BC324881 (Los Angeles Superior Court)
- *Lanier v. Infiniti Financial Services*, Civil No. BC359250 (Los Angeles Superior Court)
- *Leon v. Chase Chevrolet*, Civil No. CV 004173 (San Joaquin Superior Court)
- *Levasseur v. Westlake Motors*, Civil No. 998204 (San Francisco Superior Court)
- *Liedorff v. Centerone Financial Services LLC*, U.S.D.C. C 08-5455 MHP (Northern District of California)
- *Lobel Financial Auto Cases*, JCCP No. 4563 (Sacramento Superior Court)
- *Macias v General Motors*, Civil No. 223837 (Ventura County Superior Court)
- *Macias v. Allan Motor Company*, Civil No. RG03114711 (Alameda Superior Court)
- *McCoy, et al. v. Alliant Credit Union*, Civil No. RG 09-444283 (Alameda Superior Court)
- *Meza v. ACC Consumer Finance LLC,* Civil No. RG094558893 (Alameda Superior Court)
- *Meyer v. First City Credit Union,* Civil No. BC386098 (Los Angeles Superior Court)
- *Mohammadi v. Chuck Obershaw Toyota,* Civil No. 998205 (San Francisco Superior Court)
- *Morrison v. Credit Acceptance Corp.* No. C 10-00549 PHJ (N.D. California)
- *Murillo v. All Building*, Civil No. 01044014 (Santa Barbara Superior)
- *Novo Gradac v Lithia Motors, Inc.*, Civil No. CO2-03574 (Contra Costa County Superior Court)
- *Orizabal v. LBS Financial Credit Union*, Civil No. (Los Angeles Superior Court)
- *Peña v. Modesto Toyota*, Civil No. 991606 (San Francisco Superior Court)
- *Peraza v. Nissan Motor Acceptance Corporation*, Civil No. BC 201048 (Los Angeles Superior Court)

7

- *Ralston v Wells Fargo Bank*, Civil No. CGC04433286 (San Francisco Superior Court)
- *Ramirez v Toyota Motor Credit Corp.* Civil No. (Alameda Superior Court)
- *Ruiz v. Credit Acceptance Corp.*, Civil No. BC 193888 (Los Angeles Superior Court)
- *Safe Credit Union v. Martin, et al.*, Civil No. 06AM05906 (Sacramento Superior Court)
- *Salazar v. 1st Pacific Credit Union*, Civil No. 06AS01213 (Sacramento Superior Court)
- *Santos v. Meriwest Credit Union,* Civil No. RG09480463 (Alameda Superior Court)
- *Serrano v. Chase Chrysler Plymouth*, Civil No. CV 007771 (San Joaquin Superior Court)
- *Stephens v. Bay Federal Credit Union,* Civil No. CGC-08-478197 (San Francisco Superior Court)
- *Tamayo v. Brainstorm*, Civil No. C01-20386 JF (RS) (USDC-NDC)
- *The Best Service Co. v. Skehan*, Civil No. CGC01192657 (San Francisco Superior Court)
- *Tolentino v. Bank of Stockton,* Civil No. CV 160904 (Santa Cruz Superior Court)
- *Villalpando v. South Bay Toyota*, Civil No. 306599 (San Francisco Superior Court)
- *Vitcov v. General Motors*, Civil No. BC 179634 (Los Angeles Superior Court)
- *Warsinske v Bank of America*, Civil No. 04-432072 (San Francisco Superior Court) (JCCP4378 – Los Angeles Superior Court)
- *Wiggins v. Heritage Community Credit Union*, Civil No. 05AS02705 (Sacramento Superior Court)
- *Willoughby v. DT Credit Corporation*, Civil No. BC336262 (Los Angeles Superior Court)
- *Wimberly v. Triad Financial Corporation*, Civil No. 30-2008-00059511 (Orange County Superior Court)
- *Yeh v. Nissan Motor Acceptance Corporation*, Civil No. 768021 (Santa Clara Superior Court)

18.    More than twenty (25) of the sixty (60) or so cases listed above involved deficient NOI on a class-wide basis, with facts and elements of commonality similar to those in this action. Through litigation and settlements in such cases, we have eliminated more than $2 billion in alleged deficiency debt, as well as restitution for tens of thousands of class members.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this Declaration is executed on October 30, 2013, at San Francisco, California.


Nancy Barron
NANCY BARRON

# EXHIBIT 1

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

*Salimi, et al, v BMW Financial Services, et al.*
United States District Court, Northern District of California, Case No. C12-01754 JSW

This Settlement Agreement and Release ("Agreement") is entered into as of June 18, 2013, by and between BMW FINANCIAL SERVICES NA, LLC; ALPHERA FINANCIAL SERVICES, A DIVISION OF BMW FINANCIAL SERVICES NA, LLC; MINI FINANCIAL SERVICES, A DIVISION OF BMW FINANCIAL SERVICES NA, LLC; ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, A DIVISION OF BMW FINANCIAL SERVICES NA, LLC; and ASSET ACQUISITION GROUP, LLC, (collectively "BMW FS") on the one hand, and MOHAMMAD SALIMI, AUGUSTO GALARAGA, ALVIN LEUNG, and VELIA SERRANO (individually and on behalf of the Settlement Class below) (collectively "Plaintiffs"), on the other hand.

## I.    RECITALS

WHEREAS, MOHAMMAD SALIMI and AUGUSTO GALARAGA, as Plaintiffs, commenced an action which is currently pending against BMW FS (US District Court, Northern District of California Case Number C12-01754 JSW) (the "Action"), which has been brought as a class action and which asserts class claims for violations of the Rees- Levering Automobile Sales Financing Act, Civil Code § 2981, *et seq.* Business and Professions Code § 17200, and declaratory relief; and

WHEREAS, VELIA SERRANO, as Cross-Complainant, commenced a class action, by way of a cross-complaint against PERSOLVE in Orange County Superior Court, entitled *Persolve, LLC dba Account Resolution Associates v. Velia Serrano*, Case No. 30-2013-00629313-CL-CL-CJC, which arises out of BMW FS's collection activities and which asserts

class claims for violations of the Rees- Levering Automobile Sales Financing Act, Civil Code §

2981, *et seq.* Business and Professions Code § 17200, and declaratory relief; and

        WHEREAS, BMW FS denies the material allegations made in the Action and

denies any and all liability with respect to any and all facts and claims alleged in the Action and

further denies that the Plaintiff Settlement Class has suffered any damage; and

        WHEREAS, sharply contested issues of both law and fact exist concerning the

allegations and claims made by and against BMW FS; and

        WHEREAS, Plaintiffs' Counsel has conducted an extensive investigation into the

facts and law relating to the Action; and

        WHEREAS, Plaintiffs' Counsel has fully analyzed and evaluated the merits of all

Parties' contentions and this settlement as it impacts upon all Parties, including the individual

members of the Plaintiff Settlement Class, and after taking into account the foregoing along with

the substantial risks of continued litigation and the likelihood that the Action, if not settled now,

will be protracted and expensive, are satisfied that the terms and conditions of this Agreement

are fair, reasonable, adequate and equitable, and that a settlement of the Action is in the best

interests of the Plaintiff Settlement Class defined below; and

        WHEREAS, BMW FS denies liability, but nevertheless desires to settle the

Action on the terms and conditions herein set forth, for the purposes of avoiding the burden,

expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the

controversies engendered by the litigation for the Plaintiff Settlement Class.

        NOW THEREFORE, in consideration of the covenants and agreements set forth

herein, the Representative Plaintiffs, the Plaintiff Settlement Class and BMW FS, themselves and

through their undersigned counsel, agree to the settlement of the Action, subject to Court approval, under the following terms and conditions.

1.     DEFINITIONS

    1.01     "Agreement" means this Settlement Agreement.

    1.02     "Buyer" means any person who bought a vehicle in California pursuant to a Conditional Sales Contract which was later assigned to BMW FS, and any co-buyer on such contract.

    1.03     "Conditional Sale Contract" means any contract for the purchase of a vehicle entered into in California.

    1.04     "Court" means the United States District Court for the Northern District of California.

    1.05     "Defendant" or "BMW FS" means BMW Financial Services NA, LLC, Alphera Financial Services, Mini Financial Services, Rolls-Royce Motor Cars Financial Services, and Asset Acquisition Group, LLC, and their parents, subsidiaries, affiliates, successors, and assigns, including any collection agencies who has sought to collect any Deficiency Balance owing on any Conditional Sale Contract with any member of the Plaintiff Settlement Class.

    1.06     "Defendant's Counsel" means the law firm of Jeffer, Mangels, Butler & Mitchell LLP.

    1.07     "Deficiency Balance" means the outstanding balance of a Buyer's Conditional Sale Contract account after sale or other disposition of the loan collateral and application of the disposition proceeds to the account balance, including interest and principal and any other charges or fees assessed before or after the repossession.

    1.08     "Distribution Date" means twenty (20) days after the date of Final Approval.

1.09   "Final Approval" of this Agreement means the last date by which final judgment is entered approving this Agreement and dismissing the claims of the Representative Plaintiffs and the Plaintiff Settlement Class with prejudice and the Court has made its final award of attorneys' fees and costs under the terms of this Agreement; provided however, that if a class member objects to approval of the Agreement, Final Approval means the date by which thirty-one days have passed after the final judgment approving the settlement, and award of attorneys' fees, costs and expenses and payments was entered without any appeals being taken, or, if appeals or requests for review have been taken, after orders affirming the judgment or denying review or the judgment otherwise becoming final with any appeal being dismissed or otherwise terminated.

1.10   "NOI" means a notice of intent to dispose of repossessed or surrendered motor vehicle within the meaning of Civil Code § 2983.2.

1.11   "Parties" means the Representative Plaintiffs, the Plaintiff Settlement Class and BMW FS.

1.12   "Plaintiff Settlement Class" means all Buyers: (1) who purchased a motor vehicle in California and entered into a conditional sales contract with any person or entity that was assigned to BMW FS; (2) whose motor vehicle was repossessed or voluntarily surrendered in California, and was not reinstated or redeemed; and (3) who were issued an NOI by BMW FS between September 6, 2008 to January 15, 2013. Excluded from the class are those persons who have filed bankruptcy proceedings, accounts of individuals who are deceased, those persons with a Conditional Sale Contract entered into outside of California, those persons whose vehicles were repossessed outside of California, those persons who signed releases with BMW FS from

any liability for Deficiency Balance payments on their accounts prior to January 15, 2013, and those persons against whom BMW FS obtained judgments prior to January 15, 2013.

    1.13   "Plaintiffs' Counsel" means the law firms of Chavez & Gertler LLP and Kemnitzer, Barron & Krieg, LLP.

    1.14   "Preliminary Approval" of this Agreement means that the Court has entered orders certifying a settlement class and preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Plaintiff Settlement Class.

    1.15   "Representative Plaintiffs" means Mohammad Salimi, Augusto Galaraga, Alvin Leung, and Velia Serrano.

    1.16   "Class Administrator" refers to Kurtzman Carson Consultants.

    1.17   "Collected Deficiency Balance" means the amount of the Deficiency Balance collected by BMW FS as defined herein.

    1.18   As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof as the case may be.

2.    <u>GENERAL TERMS OF THE SETTLEMENT</u>

    2.01   For the purposes of settlement and the proceedings contemplated herein, the Parties stipulate and agree that a settlement class shall be certified in accordance with the definition of the "Plaintiff Settlement Class" set forth in Section 1.12 hereof, and that Plaintiffs shall be the Settlement Class Representatives and their counsel of record, Chavez & Gertler LLP and Kemnitzer, Barron & Krieg, LLP, shall be appointed as Class Counsel for the Plaintiff Settlement Class. The certification of the Plaintiff Settlement Class shall be binding only with respect to the settlement and this Agreement. In the event this Agreement terminates pursuant to its terms for any reason, the Settlement Class Certification Order shall be vacated by its terms,

and this Action shall revert to its status with respect to class certification as existed prior to the date of the execution of the Settlement Agreement.

2.02    Within fifteen (15) days of execution, Representative Plaintiffs shall move for Preliminary Approval of this Agreement and for the entry of an order, in a form to be subsequently agreed to or, in the absence of an agreement, determined by the Court, certifying a settlement class in accordance with the definition of the Plaintiff Settlement Class, appointing the Representative Plaintiffs as the Representative of the Plaintiff Settlement Class, appointing his counsel of record as Plaintiff Settlement Class Counsel, and granting Preliminary Approval to the settlement. In addition, the Parties stipulate and agree that an Injunction in the form of Exhibit A hereto shall be issued as a Preliminary Injunction by the Court at the time of Preliminary Approval, and automatically become a Permanent Injunction upon Final Approval. The Injunction shall prohibit the collection of Deficiency Balances from members of the Plaintiff Settlement Class.

2.03    Within fifteen (15) days of Preliminary Approval, BMW FS shall identify all members of the Plaintiff Settlement Class through diligent investigation and review of its records and provide the Class Administrator with the following:

a.    a list of the names, last known addresses, and last 4 digits of account numbers of all Plaintiff Settlement Class members identified;

b.    the aggregate amount of each Plaintiff Settlement Class member's Deficiency Balance; and

c.    the aggregate amount of the Deficiency Balances collected from each Plaintiff Settlement Class member.

6

Also on or before June 28, 2013, BMW FS shall provide Plaintiff's Counsel with a declaration under penalty of perjury from an officer of BMW FS describing BMW FS's efforts to compile the above information completely and accurately and confirming the above information, as well as what steps were taken to gather the information necessary to generate an Excel spreadsheet that reveals the class size, the outstanding deficiencies and amounts collected, with the members of the Plaintiff Settlement class identified only by the last 4 digits of their account number.

      2.04    Within twenty (20) days after Preliminary Approval, the Class Administrator shall (a) run a National Change of Address Registry check for all of the addresses; and (b) mail the class notice in the form approved by the Court by first class United States mail to the updated addresses for the Plaintiff Settlement Class obtained by that process. The Parties shall propose a class notice in the form attached as Exhibit B, which class notice shall advise Plaintiff Settlement Class members of their rights to opt out of the class or object to the settlement under the procedures and in accordance with the deadlines set by the Court.  The class notice shall also give members of the Plaintiff Settlement Class notice of BMW FS's cessation of collection efforts.  At least thirty-five (35) days prior to the Final Approval Hearing, the Class Administrator shall file with the Court and serve on Plaintiffs' Counsel and Defendant's Counsel a declaration detailing compliance with this Section.

      2.05    After the mailing of class notice and in accordance with the schedule established by the Court, Representative Plaintiffs shall move for Final Approval of the Settlement Agreement through a form of Final Approval Order and Final Judgment to be subsequently agreed to or, in the absence of an agreement, determined by the Court. BMW FS shall support this motion. At the Final Approval Hearing, Representative Plaintiffs shall also move for an award of attorneys' fees, costs, and expenses consistent with the terms of this Agreement.

Without affecting the finality of the Final Judgment in any way, the Court shall retain jurisdiction over:

> a.    any other action necessary to implement the terms of the Final Judgment and/or the Settlement Agreement, including any further amendments to the Final Judgment to provide relief to additional members of the Plaintiff Settlement Class who may be identified after entry of the Final Judgment.

> b.    the construction, interpretation, implementation, and enforcement of the Final Judgment, until each and every act agreed to be performed by the parties there under has in fact been fully performed.

3.    <u>MONETARY RELIEF TO PLAINTIFF SETTLEMENT CLASS MEMBERS</u>

3.01    BMW FS shall determine by diligent investigation from its records, for each Plaintiff Settlement Class member, the amount of the Plaintiff Settlement Class member's Deficiency Balance, and the amount of money paid by the Plaintiff Settlement Class member on the Deficiency Balance ("the Collected Deficiency Balances").  No later than 10 days prior to the Distribution Date, BMW FS shall deposit with the Class Administrator amount equal to the total of the Collected Deficiency Balances plus the amount necessary to cover the total amount of incentive awards and attorneys' fees and costs awarded by the Court.

3.02    On the Distribution Date, the Class Administrator shall issue refunds to Plaintiff Settlement Class members of the amount of money paid by the Plaintiff Settlement Class members on their Deficiency Balances. BMW FS has represented that approximately 636 Plaintiff Settlement Class members are entitled to refunds pursuant to this Section and that the amount to be refunded is $2,088,202.43.  No interest shall accrue or be paid on refunds to members of the Plaintiff Settlement Class.

3.03    If there are co-borrowers on an account, then the refund payment pursuant to Section 3.01 shall be by check made payable to the payor of the Deficiency Balance if readily determinable or, if not, to the first named borrower. In the event of any dispute about a refund or the proper recipient of a refund, whether caused by the death of a Buyer, a dispute between a Buyer and Co-Buyer, or for any other reason, Plaintiffs' Counsel and Defendant's Counsel shall meet and confer in a good faith attempt to resolve that dispute. In the event the dispute cannot be resolved informally between the Parties, either party may ask the Court to resolve the dispute. Any such disputes shall be resolved and all refund checks must be negotiated within 180 days of the Distribution Date. Unless the court otherwise orders, if any refund check is not cashed within 180 days of the Distribution Date, neither the Buyer nor Co-Buyer shall be entitled to the proceeds of the check, and BMW FS shall have no further obligation to make a payment to that Buyer or Co-Buyer.

3.04    On the Distribution Date, BMW FS shall permanently terminate collection of the Deficiency Balances of Plaintiff Settlement Class members by adjusting their account balances to permanently reflect that they do not owe any amounts to BMW FS. BMW FS shall not issue Form 1099s as to any Plaintiff Settlement Class Member in connection with this acknowledgement that they do not owe any Deficiency Balances.  BMW FS has represented that 5,178 Plaintiff Settlement Class members are entitled to such waivers and that the amount to be waived is $50,924,483.33.

3.05    The Parties understand and agree that Plaintiffs' Counsel shall make an application to the Court for an award of attorneys' fees, costs and expenses. BMW FS agrees not to oppose in any manner such an application for fees, costs and expenses in an amount not to exceed $360,000. The Court's award of attorneys' fees, costs and expenses shall be paid by the

9

Class Administrator on the Distribution Date through a wire transfer to the bank account of

Chavez & Gertler LLP in accordance with wire transfer instructions to be provided by Chavez &

Gertler LLP. The award shall be paid separate from and in addition to the payments to the

Plaintiff Settlement Class and shall not reduce the amounts of those payments.

3.06    Subject to the Court's approval, the Class Administrator shall pay the

Representative Plaintiffs service awards as follows:  Plaintiff Salimi in the amount of $3500,

Plaintiff Galaraga in the amount of $3500, Plaintiff Leung in the amount of $1000, and Plaintiff

Serrano in the amount of $3500. The service award shall be paid by a check made payable to

each of the Representative Plaintiffs, individually,  delivered to Plaintiffs' Counsel on the

Distribution Date. The service award shall be paid by BMW FS separate from and in addition to

the payments to the Plaintiff Settlement Class and shall not reduce the amounts of those

payments.  In addition, BMW FS shall provide to the Representative Plaintiffs all other relief

provided under the terms of this Settlement Agreement to the members of the Plaintiffs

Settlement Class.

4.    NON-MONETARY RELIEF TO PLAINTIFF SETTLEMENT CLASS MEMBERS

4.01    On the Distribution Date, the BMW FS shall transmit requests to the three major

credit reporting agencies, Experian, Trans Union and Equifax, asking them to update the trade

line on the credit reports pertaining to members of the Plaintiff Settlement Class to reflect that

their BMW FS accounts have a zero balance and have been settled. BMW FS shall not, in the

future, change its credit reporting for a Plaintiff Settlement Class member to report something

other than a zero balance and that the account was settled. In the event that Plaintiffs' Counsel

notifies BMW FS in the manner set forth below that an account is being reported differently,

BMW FS shall separately instruct the credit reporting agencies to report such accounts as having

a zero balance and settled. However, neither the Class Administrator nor BMW FS shall be

responsible for any failure of a credit reporting agency to follow their instructions, and neither

the Class Administrator nor BMW FS shall have any liability for the failure of a credit reporting

agency to carry out these instructions.  BMW FS shall only be obligated to reinstruct the credit

reporting agencies, and to provide confirmation of the reinstruction to Plaintiffs' Counsel, if

Plaintiffs' Counsel (1) notifies BMW FS in writing of the name and account number of the

Plaintiff Settlement Class member at issue, (2) provides written evidence of the manner in which

the account is then being reported by including a copy of the relevant page(s) of the Plaintiff

Settlement Class member's credit report(s), and (3) provides a complete copy of this Settlement

Agreement.

      4.02     On the date the Preliminary Injunction is issued, to the extent that BMW FS has

not already done so, BMW FS and its agents (including any lawyers or debt collection agencies)

shall cease all collection activities on Plaintiff Settlement Class members' accounts, except as to

matters in which cross-complaints have been filed or in which BMW FS is a defendant, or as to

actions advancing claims involving matters other than the collection of deficiencies. BMW FS

shall also inform all outside counsel and debt collection agencies holding such accounts that they

have been withdrawn from collection, and that collections and any credit reporting must

immediately cease. BMW FS shall reacquire all such Plaintiff Settlement Class members'

accounts which were previously sold to any third party debt collection agency.

5.      <u>ADMINISTRATION OF THE SETTLEMENT</u>

      5.01     The costs of class notice and administration through the Class Administrator shall

be capped at $30,000, which sums shall be advanced by BMW FS.  The Class Administrator

shall set up an 800 number, and shall locate class members as follows:  BMW FS will provide

the Class Administrator with a list of class members and their last known address in an electronic

format; the Class Administrator will run a national change of address search for all class

members; the required notice shall be sent in English only; for those consumers who are entitled to receive money under this Agreement but whose notices are returned as undeliverable, BMW FS will provide the Class Administrator with the social security numbers of the consumers and the Class Administrator will run a check with the credit reporting companies or run an Accurint check to determine the consumers' last known address and resend the notice.  All activities by the Class Administrator shall fall within this $30,000 cap.  If the Class Administrator will not agree to cap its fees and costs at $30,000 then the Parties shall agree upon another Class Administrator who will agree to cap its fees and costs at $30,000.

5.02     As used in this Section, the word "costs" includes payments made to third parties, if any. The costs described in this Section shall be paid by BMW FS separate from and in addition to the payments to the Plaintiff Settlement Class and shall not reduce the amounts of those payments.

5.03     For those members of the Plaintiff Settlement Class whose refund checks mailed pursuant to Section 3.02 are returned by the Postal Service for lack of current correct address, the Class Administrator shall seek an address correction via a social security number search or an Accurint check for those individuals and their checks will be re-sent to any subsequently-obtained addresses. The Class Administrator shall have no further obligation to locate members of the Plaintiff Settlement Class.

5.04     Those members of the Plaintiff Settlement Class who are not located or whose checks are not cleared within one hundred and eighty (180) days after the Distribution Date, shall be ineligible to receive refunds.

5.05     Seven (7) months after the Distribution Date, the first $105,000 of any uncashed checks shall revert to BMW FS in partial reimbursement of the payments of class notice and

12

administration and attorneys' fees incurred under this Agreement.  The remainder of any uncashed checks shall be distributed to the National Consumer Law Center.

     5.06    Within twenty (20) days after the final distribution of all amounts pursuant to this Agreement, the Class Administrator shall file a declaration certifying to the Court that the refunds and account corrections have all been timely made in accordance with the terms of this Agreement and certifying that the Class Administrator has taken all steps required to correct the credit reports of Plaintiff Settlement Class members. The Class Administrator shall serve a copy of this declaration on Plaintiffs' Counsel and Defendant's Counsel. The declaration shall establish that:

        a.    after a reasonable search and a diligent inquiry, based on the information provided by BMW FS, has identified to the best of its ability the Plaintiff Settlement Class members;

        b.    the Class Administrator has provided the monetary relief due to the then known Plaintiff Settlement Class members; and

        c.    the number of Plaintiff Settlement Class members who opted out and/or objected to this Agreement.

     5.07    The Class Administrator shall also, on or before the Distribution Date, provide BMW FS with a list of all individuals who have elected to opt out of the settlement, and shall on the Distribution Date remit to BMW FS all of the Collected Deficiency Funds that have not been distributed to members of the Plaintiff Settlement Class.

6.    <u>RELEASES</u>

     6.01    Upon Final Approval, the Representative Plaintiffs on the one hand and BMW FS on the other hand shall mutually release and forever discharge each other from:

13

    a.     any and all claims, liens, demands, causes of action, obligations, damages, and liabilities, known or unknown, that the Representative Plaintiffs or BMW FS have had in the past, or now have, or may have in the future against each other, arising directly or indirectly out of the claims in the Action; and

    b.     any and all other claims, liens, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, known or unknown, that the Representative Plaintiffs or BMW FS have had in the past or now have against each other.

6.02    Representative Plaintiffs and BMW FS expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity. Representative Plaintiffs and BMW FS explicitly took that possibility into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Representative Plaintiffs and BMW FS with the knowledge of the possibility of such unknown losses or claims, was given in exchange for a full accord, satisfaction, and discharge of all such losses or claims. Consequently, Representative Plaintiffs and BMW FS expressly waive all rights under California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

6.03    Upon Final Approval, the members of the Plaintiff Settlement Class who have not timely excluded themselves after being mailed class notice shall be deemed to have covenanted and agreed that, upon the mailing of all settlement monies due and owing and the application of

all credits to be made pursuant to this Agreement: (1) the non-excluded members of the Plaintiff

Settlement Class shall be forever barred from instituting, maintaining, or prosecuting against

BMW FS any claim, demand, action, cause of action or liability of any nature, whether known or

unknown, suspected or unsuspected, which the non-excluded Plaintiff Settlement Class members

ever had relating to the NOI's issued by BMW FS and other related claims arising under Civil

Code § 2983.2 or based upon any violation of any state or federal law, other statutory or

common law related to the facts alleged in the complaint on behalf of the class, and (2) BMW

FS, its parent, affiliated and/or subsidiary companies, and any of their present and former

officers, inside and outside directors, attorneys, accountants, agents, representatives, employees,

heirs, successors and assigns shall be forever released and discharged from any and all liability

with respect to such claims.  This release also specifically includes a related class action recently

filed by Plaintiff's Counsel in the Orange Superior Court entitled, *Persolve, LLC dba Account

Resolution Associates v. Velia Serrano*, Case No. 30-2013-00629313-CL-CL-CJC, which shall

be stayed upon execution of this Agreement and upon Final Approval be dismissed with

prejudice by cross-complainant Serrano with respect to her individual claims and without

prejudice as to any claims purported to be brought on behalf of a putative class.

      6.04    The release provided in this Agreement is intended to be and shall be construed to

constitute a full release of the factual claims alleged in the complaint on behalf of the class. It

excludes any and all claims that are unrelated to and not based upon the factual allegations of the

complaint on behalf of the class. With respect to the Representative Plaintiffs, the release

provided in this Agreement is intended to be and shall be construed to be broad in scope and to

include claims against BMW FS that are unrelated to and not based upon the factual allegations

in the Complaint. For Plaintiff Settlement Class members other than the Representative

Plaintiffs, the release encompasses only those claims specifically identified as being released and excludes all and any other claims not so identified. With respect to the Representative Plaintiffs, the release provided in this Agreement is intended to be and shall be construed to be broad in scope, and to include claims that are unrelated to and not based upon the factual allegations of the Complaint.

6.05    BMW FS has sold the accounts and assigned the conditional sales contracts of certain Settlement Class members to various third parties and/or debt collectors, which have filed suit and/or initiated collection activities against some or all of the members of the Plaintiff Settlement Class for the purpose of obtaining Deficiency Balances from them. As part of this Settlement, BMW FS is obligated to repurchase each such Plaintiff Settlement Class member's accounts from these entities, and those entities have to immediately cease all collection activities on such accounts and dismiss any and all collection actions pending against members of the Plaintiff Settlement Class relating to such accounts on or before the close of business on June 1, 2013.

6.06    In consideration of the foregoing, the Settlement Class members hereby release all such third parties and/or debt collectors from liability for any and all claims arising directly from the defects in the NOIs alleged in the Complaint in this action. This limited release does not, however, extend to any claims against any such entity, its employees or its agents for improper conduct in connection with the collection, or attempted collection, of any debt.  Notwithstanding the foregoing, this release specifically includes a related class action recently filed by Plaintiff's Counsel in the Orange Superior Court entitled, *Persolve, LLC dba Account Resolution Associates v. Velia Serrano*, Case No. 30-2013-00629313-CL-CL-CJC, which shall be stayed upon execution of this Agreement and upon Final Approval be dismissed with prejudice, by cross-

complainant Serrano with respect to her individual claims and without prejudice as to any claims

purported to be brought on behalf of a putative class.

7.    MISCELLANEOUS PROVISIONS

 7.01    This Agreement was entered only for purposes of settlement. If for any reason this

Agreement is not approved or does not become final, this Agreement and the Plaintiff Settlement

Class, and anything said or done pursuant to this Agreement, or as part of the negotiations

leading hereto, shall be null and void and shall not be used in this or any other proceeding for

any purpose.

 7.02    Neither this Agreement nor any document referred to herein nor any action taken

to carry out this Agreement is, or may be construed as, or may be used as, an admission or

concession by or against BMW FS on any point of fact or law, or of any alleged fault,

wrongdoing, or liability whatsoever.

 7.03    BMW FS shall not issue 1099 forms to class members for any relief provided in

this Agreement.

 7.04    The Parties' Counsel shall use their best efforts to cause the Court to give

Preliminary Approval to this Agreement as promptly as practicable, to take all steps

contemplated by this Agreement to effectuate the settlement on the stated terms and conditions

and to obtain Final Approval of this Agreement.

 7.05    This Agreement is intended to and shall be governed by the laws of the State of

California.

 7.06    The terms and conditions set forth in this Agreement constitute the complete and

exclusive statement of the agreement between the Parties hereto relating to the subject matter of

this Agreement, superseding all previous negotiations and understandings, and may not be

contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend

that this Agreement constitutes the complete and exclusive statement of its terms as between the Parties hereto and that no extrinsic evidence whatsoever may be introduced in any judicial proceeding, if any, involving this Agreement.

7.07    Plaintiffs' Counsel, on behalf of the Representative Plaintiffs and the Plaintiff Settlement Class, are authorized by the Representative Plaintiffs to take all appropriate action required or permitted to be taken by the Plaintiff Settlement Class pursuant to this Agreement to effectuate its terms as the same pertains to the Plaintiff Settlement Class and is authorized to enter into any modifications or amendments to this Agreement on behalf of the Plaintiff Settlement Class which they deem appropriate and/or necessary.

7.08    The person signing this Agreement on behalf of BMW FS is authorized to sign this Agreement on behalf of BMW FS.

7.09    This Settlement Agreement embodies the entire agreement and understanding between the Parties hereto and supersedes all prior agreements and understandings relating to the subject matter hereof. No course of prior dealing between the Parties, no usage of the trade, and no extrinsic evidence of any nature shall be used or be relevant to supplement, explain or modify any term used herein. The parties represent and warrant to the other party that they are not relying on any other party for advice. This Settlement Agreement is a product of negotiation and preparation by and among each Party and their attorneys. Therefore, each party expressly waives the provisions of Civil Code 1654 and acknowledges and agrees that this Settlement Agreement should not be deemed prepared or drafted by one party or the other and shall be construed accordingly.

7.10    This Agreement shall be binding upon, and enure to the benefit of, the respective heirs, successors and assigns of the Parties hereto.

18

7.11    The waiver by one party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

7.12    This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

7.13    The Court shall retain jurisdiction over the interpretation, effectuation and implementation of this Agreement, and all orders entered in connection therewith and the Parties and their attorneys submit to the jurisdiction of the Court. In any proceeding or action to enforce the terms of this Settlement Agreement or the Court's orders, the prevailing party shall be entitled to recover their reasonable attorneys' fees, costs, and expenses.

7.14    The Parties stipulate and agree that Plaintiffs shall file an amended complaint in the Action adding Alvin Leung and Velia Serrano as named Plaintiffs.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**APPROVED AS TO FORM:**

CHAVEZ & GERTLER LLP

DATED: _____9/25_____, 2013

By: _____
    Mark A. Chavez

KEMNITZER, BARRON
& KRIEG, LLP

DATED: _____9/10_____, 2013

By: _____
    Bryan Kemnitzer

Attorneys for Plaintiffs
MOHAMMAD SALIMI, AUGUST GALARGA,
ALVIN LEUNG, AND VELIA SERRANO

19

JEFFER, MANGELS, BUTLER
& MITCHELL LLP

DATED: _____, 2013

By: _Michael J. Hassen_/CHD
     Michael J. Hassen /CHD

Attorneys for Defendants
BMW FINANCIAL SERVICES LLC, ALPHERA
FINANCIAL SERVICES, MINI FINANCIAL
SERVICES, ROLLS-ROYCE MOTOR CARS
FINANCIAL SERVICES, ASSET ACQUISITION
GROUP, LLC

AGREED TO AND ACCEPTED:

DATED: _____, 2013

_____
Mohammad Salimi
Individually and as a
Representative of the Class

DATED: _Sept 12_, 2013

_____
August Galarga
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
Alvin Leung
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
Velia Serrano
Individually and as a
Representative of the Class

20

JEFFER, MANGELS, BUTLER
& MITCHELL LLP

DATED: _____, 2013          By: _____
                                       Michael J. Hassen

                                  Attorneys for Defendants
                                  BMW FINANCIAL SERVICES LLC, ALPHERA
                                  FINANCIAL SERVICES, MINI FINANCIAL
                                  SERVICES, ROLLS-ROYCE MOTOR CARS
                                  FINANCIAL SERVICES, ASSET ACQUISITION
                                  GROUP, LLC

                                  **AGREED TO AND ACCEPTED:**

DATED: September 10, 2013         _____
                                  Mohammad Salimi
                                  Individually and as a
                                  Representative of the Class

DATED: _____, 2013          _____
                                  August Galarga
                                  Individually and as a
                                  Representative of the Class

DATED: _____, 2013          _____
                                  Alvin Leung
                                  Individually and as a
                                  Representative of the Class

DATED: _____, 2013          _____
                                  Velia Serrano
                                  Individually and as a
                                  Representative of the Class

20

JEFFER, MANGELS, BUTLER
& MITCHELL LLP

DATED: _____, 2013

By: _____
    Michael J. Hassen

Attorneys for Defendants
BMW FINANCIAL SERVICES LLC, ALPHERA
FINANCIAL SERVICES, MINI FINANCIAL
SERVICES, ROLLS-ROYCE MOTOR CARS
FINANCIAL SERVICES, ASSET ACQUISITION
GROUP, LLC

AGREED TO AND ACCEPTED:

DATED: _____, 2013

_____
Mohammad Salimi
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
August Galarga
Individually and as a
Representative of the Class

DATED: 9/12, 2013

_____
Alvin Leung
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
Velia Serrano
Individually and as a
Representative of the Class

20

JEFFER, MANGELS, BUTLER
& MITCHELL LLP

DATED: _____, 2013

By: _____
      Michael J. Hassen

Attorneys for Defendants
BMW FINANCIAL SERVICES LLC, ALPHERA
FINANCIAL SERVICES, MINI FINANCIAL
SERVICES, ROLLS-ROYCE MOTOR CARS
FINANCIAL SERVICES, ASSET ACQUISITION
GROUP, LLC

**AGREED TO AND ACCEPTED:**

DATED: _____, 2013

_____
Mohammad Salimi
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
August Galarga
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
Alvin Leung
Individually and as a
Representative of the Class

DATED: 9/11/ , 2013

_____
Velia Serrano
Individually and as a
Representative of the Class

BMW FINANCIAL SERVICES NA, LLC

DATED: _9/19_____, 2013

By: _____

Its: _Corporate Counsel_

ASSET ACQUISITION GROUP, LLC

DATED: _____, 2013

By: _____

Its: _____

21

BMW FINANCIAL SERVICES NA, LLC

DATED: _____, 2013          By: _____

                                  Its: _____


ASSET ACQUISITION GROUP, LLC

DATED: __9/19__, 2013          By: _Donna J Meier_
                                  Its: _Manager_

21

**[EXHIBIT A]**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MOHAMMMAD SALIMI; AUGUST GALARGA<br><br>       Plaintiff,<br><br>    vs.<br><br>BMW FINANCIAL SERVICES NA, LLC; ALPHERA FINANCIAL SERVICES; MINI FINANCIAL SERVICES; ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES; ASSET ACQUISITION GROUP, LLC; and DOES 1-50, inclusive,<br><br>     Defendants. | Case No. 3:12-cv-1754 JSW<br><br>**INJUNCTION** |

1   The Settlement Agreement entered into by the parties to this case having been considered

2   by this Court, and good cause appearing therefore,

3   **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

4   BMW FINANCIAL SERVICES NA, LLC, ALPHERA FINANCIAL SERVICES, MINI

5   FINANCIAL SERVICES, ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, and

6   ASSET ACQUISITION GROUP, LLC, (collectively "BMW FINANCIAL SERVICES") shall

7   and hereby are enjoined and restrained from taking any further steps to collect any amounts

8   purportedly owed by any member of the Settlement Class arising out of a deficiency following

9   repossession. BMW FINANCIAL SERVICES shall immediately cease and shall not resume any

10  such collection efforts. However, this Injunction does not bar BMW FINANCIAL SERVICES

11  from filing suit for fraud and misrepresentation against any member of the Settlement Class

12  arising out of inaccurate information provided by or on behalf of the class member in connection

13  with the vehicle purchase and/or loan, and seeking fraud damages.

14  The parties waive any requirement of a bond of undertaking and none shall be required.

15  No person who has notice of this Injunction shall fail to comply with it nor shall any person

16  subvert the Injunction by any sham, indirection or other artifice.

17

18  **SO ORDERED**

19

20  Dated: _____, 2013

    _____

21  The Honorable Jeffrey S. White

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[EXHIBIT B]**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MOHAMMMAD SALIMI; AUGUST GALARGA | Case No. 3:12-cv-1754 JSW |
| Plaintiff, | **CLASS ACTION** |
| vs. | **[PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |
| BMW FINANCIAL SERVICES NA, LLC; ALPHERA FINANCIAL SERVICES; MINI FINANCIAL SERVICES; ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES; ASSET ACQUISITION GROUP, LLC; and DOES 1-50, inclusive, | Unlimited Civil Case |
| Defendants. | **Date:** **Time:** **Dept.:** **Hon.** **Reservation No.** |

---

[PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

1          On _____, 2013, Plaintiffs MOHAMMAD SALIMI, AUGUST

2   GALARAGA, ALVIN LEUNG and VELIA SERRANO filed a Motion (1) for Conditional

3   Certification of a Settlement Class; (2) for Preliminary Approval of Settlement Agreement; (3) for

4   Order for Distribution of Class Notice; and (4) for Order Setting Hearing For Final Approval,

5   including terms and conditions for requests for exclusion and objectors, if any there may be.

6          With the Motion for Preliminary Approval, Plaintiffs also filed Points and Authorities in

7   Support of the Motion, the Proposed Settlement Agreement, the Proposed Class Notice, and

8   Affidavits. There is no opposition to the Motion. Having read and considered all papers provided,

9   and having reviewed the Proposed Settlement Agreement and proposed Class Notice in this

10  matter, THE COURT HEREBY GRANTS THE MOTION AND ORDERS AS FOLLOWS:

11  1.     This Order of Preliminary Approval incorporates the Settlement Agreement, and the terms

12  used in this Order shall have the meanings and/or definitions given to them in the Settlement

13  Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action

14  Settlement.

15  2.     For purposes of the Settlement, and conditioned upon the Settlement receiving final

16  approval following the Final Approval Hearing and upon the occurrence of the Effective Date of

17  Settlement, this Court hereby conditionally certifies a Settlement Class, defined as follows and

18  subject to the stated exclusions below:

19       (A)    The phrase "Settlement Class" is defined as all persons:

20            1)    who purchased a motor vehicle in California and entered into a conditional
21                 sales contract with any person or entity that was assigned to BMW FS.;

22            2)    whose motor vehicle was repossessed or voluntarily surrendered in
23                 California, and was not reinstated or redeemed; and

24            3)    who were issued an NOI by BMW FS between September 6, 2008 to
                January 15, 2013

25

26       (B)    The "Settlement Class" excludes:

27            1)    those persons who have filed bankruptcy proceedings,

28            2)    accounts of individuals who are deceased,

3)    those persons with a Conditional Sale Contract entered into outside of California,

4)    those persons whose vehicles were repossessed outside of California out of state contracts or repossessions.

5)    persons who signed releases with BMW FS from any liability for Deficiency Balance payments on their accounts prior to January 15, 2013

6)    those persons against whom BMW FS obtained judgments prior to January 15, 2013.

3.    Without prejudice to Final Approval, the Settlement, on the terms and conditions stated therein, is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. This Court specifically finds that the Settlement resulted from extensive arms-length negotiation, the Settlement is sufficient to warrant dissemination of notice of the Settlement, and of the Final Approval Hearing on said Settlement, to the Plaintiff Settlement Class, and the Representative Plaintiffs and Class Counsel provisionally are found to fairly and adequately represent the interests of the Class and to satisfy the requirements to be representatives of and counsel to the Class.

4.    Pursuant to the parties' stipulation, the Court shall enter an injunction in the form attached as **Exhibit A** to the Settlement Agreement. The injunction shall automatically become a permanent injunction upon Final Approval.

5.    A Final Approval Hearing shall be held on _____, 2013 at _____ a.m./p.m. before the Honorable Jeffrey S. White in Courtroom 11 of UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to consider: (a) the fairness, reasonableness and adequacy of the proposed Settlement; (b) whether the Settlement should be finally approved by this Court; (c) the application of Class Counsel for an award of Attorneys' Fees and Expenses; (d) the application of an incentive award to the Class representatives; and (e) such other matters as this Court may deem proper and necessary.

6.    The Court approves Kurtzman Carson Consultants as the Class Administrator, to perform

1   the duties set forth in the proposed Settlement Agreement.

2   7.      The Notice of Proposed Settlement is attached to the Settlement Agreement as Exhibit C

3   and is hereby approved for the purpose of notifying the Plaintiff Settlement Class as to the

4   proposed Settlement, the Final Approval Hearing, and the rights of members of the Class, and it

5   shall be sent substantially in the form approved to the members of the Plaintiff Settlement Class.

6   8.      The notice shall be sent by the Class Administrator to the respective members of the

7   Plaintiff Settlement Class via first class postage pre-paid U.S. Mail on or before 20 days from the

8   issuance of this Order of Preliminary Approval.

9   9.      35 days prior to the Final Approval Hearing, the Class Administrator shall provide

10  declarations to the Court, with a copy to Class Counsel and counsel for BMW FS, attesting to the

11  measures undertaken to provide Notice to the members of the Plaintiff Settlement Class.

12  10.     The Notice of Proposed Settlement to the Settlement Class, as set forth in Exhibit C to the

13  Settlement Agreement, and approved by this Order, is the best notice practicable, and is

14  reasonably calculated, under the circumstances, to apprise the members of the Plaintiff Settlement

15  Class of the pendency of the Action and their right to participate in, object to, or exclude

16  themselves from the Settlement.  This Court further finds that the Notice of Proposed Settlement

17  is due and sufficient notice of the Final Approval Hearing, the Settlement, the application for

18  attorneys' fees, and expenses, and incentive award, and other matters set forth therein, and that

19  the Notice of Proposed Settlement fully satisfies Federal Rules of Court and due process of law,

20  to all persons entitled thereto.  As set forth in the Settlement Agreement, BMW FS shall be

21  responsible for all costs and expenses incurred in connection with disseminating the Notice to the

22  Class.

23  11.     Any Settlement Class Member who intends to object ("Objector") to the fairness,

24  reasonableness and adequacy of the Settlement ("Objections") must file a written Objection with

25  the class administrator and mail a copy to counsel for BMW FS and to Class Counsel at the

26  addresses set forth below, postmarked not later than sixty (60) days after the date the Class Notice

27  is mailed to the Settlement Class.  Any Objector must set forth his/her full name, current address

28  and telephone number.  Objections must be served:

---

[PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

1   Upon Class Administrator at:

2   KURTZMAN CARSON CONSULTANTS
75 Rowland Way, Suite 250
3   Novato, CA 94945
Telephone: (415) 798-5900
4

5   Upon BMW FINANCIAL SERVICES at:

6   JEFFER MENGELS BUTLER & MITCHELL LLP
MICHAEL J. HASSEN
7   CHRISTOPHER H. DOYLE
Two Embarcadero Center, Fifth Floor
8   San Francisco, CA 94111-3813
Telephone:  (415) 398-8080
9   Facsimile:  (415) 398-5584

10

11   Upon Class Counsel at:

12   KEMNITZER, BARRON & KRIEG
BRYAN KEMNITZER
13   NANCY BARRON
445 Bush Street, 6th Floor
14   San Francisco, CA  94108
Telephone:      (415) 632-1900
15   Facsimile:       (415) 632-1901

16

17   CHAVEZ & GERTLER LLP
MARK A. CHAVEZ         Bar No. 090858
18   NANCE F. BECKER       Bar No. 099292
DAN L. GILDOR            Bar No. 223027
19   42 Miller Ave.
Mill Valley, CA  94941
20   Telephone: (415) 381-5599
Facsimile: (415) 381-5572
21

22   12.      Objectors must state in writing all Objections and the reasons thereto, and a statement

23   whether the Objector intends to appear at the Final Approval Hearing(s).  No Objector shall be

24   entitled to be heard at the Final Approval Hearing, and no written objections or briefs submitted

25   by an Objector shall be received or considered by this Court at the Final Approval Hearing, unless

26   the Objector has fully complied with all terms and conditions set forth in the Notice of Proposed

27   Settlement as approved herein, and as set forth in the Settlement Agreement.  If an Objection is

28   overruled, the Objector will be bound by the terms of the Settlement.  Members of the Class who

---

1  fail to file and serve timely written objections in the manner specified above shall be deemed to

2  have waived any objections and shall be foreclosed from making any objection (whether by

3  appeal or otherwise) to the Settlement Agreement.

4  13.    Members of the Plaintiff Settlement Class may elect to exclude themselves from the

5  Settlement Agreement, relinquishing their rights to any and all benefits under the Settlement

6  Agreement.  Members of the Plaintiff Settlement Class who exclude themselves from the

7  Settlement will not release their claims pursuant to the release set forth in the Settlement

8  Agreement.  A Plaintiff Settlement Class member wishing to exclude himself/herself from the

9  Settlement must notify by letter postmarked no later sixty (60) days after the date the Class Notice

10  is mailed to the Plaintiff Settlement Class to the class administrator and mailing a copy to counsel

11  for BMW FS and class counsel at the addresses set forth in ¶11, which in all respects complies

12  with the terms and conditions for exclusion as set forth in the Notice of Proposed Settlement,

13  approved herein.  Members of the Plaintiff Settlement Class who fail to submit a valid and timely

14  request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Order

15  and Judgment, regardless of whether they have requested exclusion from the Settlement.

16  14.    Any member of the Plaintiff Settlement Class who submits a timely request for exclusion

17  may not file an Objection to the Settlement and shall be deemed to have waived any rights or

18  benefits under the Settlement Agreement.

19  15.    The Court shall hold a Final Approval Hearing in this matter on _____, 2013.  Class

20  Counsel shall file their Motion for Final Approval and all supporting papers not later than thirty-

21  five (35) Court days before the Final Approval Hearing.  Should counsel for BMW FS desire to

22  file briefing in connection with Final Approval, such briefing shall be filed no later than nine (9)

23  Court days before the Final Approval Hearing.

24  16.    Class Counsel shall file their motion for award of attorneys' fees and costs at least twenty-

25  one (21) days prior to the date for Class Members to object to the Settlement Agreement.

26  17.    In the event that (a) this Court does not finally approve the settlement as provided in the

27  Settlement Agreement; (b) this Court does not enter the Final Order and Judgment as provided in

28  all material respects and substantial form set forth in the Settlement Agreement; or (c) the

Settlement does not become final for any other reason, and the Parties following reasonable efforts, do not agree in writing to modify the Settlement Agreement and the Settlement is not consummated, the Settlement Agreement shall be null and void and any order or judgment entered by this Court in furtherance of this Settlement shall be vacated *nunc pro tunc*.  In such a case, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed and the Parties shall in no way be prejudiced in proceeding with or defending this litigation, the conditional class certification effected herein will be null and void, and BMW FS shall have the right to object to certification of the Plaintiff Settlement Class or any other class at any future time.

18.     For the benefit of the Plaintiff Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

19.     The parties are directed to carry out their obligations under the Settlement Agreement.

20.     Class Counsel shall serve a copy of this Order on all named parties or their counsel within seven (7) days of receipt.

### Summary of Applicable Dates

| | | |
|---|---|---|
| 1. | Preliminary Approval Order served on parties | |
| 2. | Class Notice to be sent by Class Administrator (Settlement Agreement and Release ¶ 2.04 / Preliminary Approval Order ¶ 8) | _____(20 days after Preliminary Approval) |
| 3. | Motion for Attorneys' Fees and Costs filed by (Settlement Agreement and Release ¶ 3.05 / Preliminary Approval Order ¶ 16) | _____(21 days prior to the date for Class Members to object to the Settlement Agreement) |
| 4. | Exclusion from the Settlement Class postmarked by (Preliminary Approval Order ¶ 13) | _____(60 days after the date the Class Notice is mailed) |
| 5. | Objection to the Settlement postmarked by (Preliminary Approval Order ¶ 11) | _____(60 days after the date the Class Notice is mailed) |
| 6. | Motion for Final Approval filed by (Preliminary Approval Order ¶ 15) (CCP §1005) | _____(35 Court days before the Final Approval hearing |
| 7. | Defendants' Pleadings re Final Approval (Preliminary Approval Order ¶ 15) | _____(9 Court days before the Final Approval Hearing) |

[PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

| 8. | Class Administrator Declaration filed by (Settlement Agreement and Release ¶ 2.04 / Preliminary Approval Order ¶ 9) | _____(35 days prior to the Final Approval Hearing) |
|---|---|---|
| 9. | Final Approval hearing | |

**SO ORDERED**

Dated: _____, 2013          _____
                                        The Honorable Jeffrey S. White

[EXHIBIT C]

## UNITED STATES DISTRICT COURT– NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

IF YOUR VEHICLE WAS REPOSSESSED IN CALIFORNIA AND YOU RECEIVED A "NOTICE OF INTENT" FROM BMW FINANCIAL SERVICES NA, LLC, ALPHERA FINANCIAL SERVICES, MINI FINANCIAL SERVICES, or ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT MAY AFFECT YOU

-PLEASE READ IT CAREFULLY-

### *The Court Ordered this Notice – It is Not from a Lawyer, and You are Not being Sued*

This notice summarizes the terms of a proposed Class Action settlement. This notice also describes what you can do to object to the proposed settlement or to request exclusion from the class. If you wish to remain in the class, be bound by the settlement and receive the benefits of the settlement, you are not required to contact the court or the attorneys.

| Basic Information – This Action |
|:---:|

A lawsuit entitled *Salimi, et al. v BMW FINANCIAL SERVICES et al.* was filed in the Alameda County Superior Court, Case No. RG12618717 and removed to the UNITED STATES DISTRICT COURT– NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION, Case No. C12-01754 JSW. Plaintiffs MOHAMMAD SALIMI, AUGUST GALARAGA, ALVIN LEUNG and VELIA SERRANO allege that Notices of Intent sent by BMW FINANCIAL SERVICES, ALPHERA FINANCIAL SERVICES, MINI FINANCIAL SERVICES, and ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES (collectively "BMW FINANCIAL SERVICES") between September 6, 2008 and January 15, 2013 regarding repossessed vehicles did not comply with a California law called the Automobile Sales Finance Act, and that BMW FINANCIAL SERVICES is not entitled to collect the deficiency balance remaining after a subsequent sale of the vehicle. Plaintiffs brought claims for violation of Civil Code §2983.2, Business & Professions Code §17200, and Declaratory Relief.

The court in charge of the lawsuit is the UNITED STATES DISTRICT COURT– NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION. Although no determination has been made about merits of this Action BMW FINANCIAL SERVICES is willing to enter into this settlement to end further litigation. The settlement is a compromise.

The Action is called a "Class Action," because the Plaintiffs are Class Representatives suing on behalf of other people with similar claims, called "Class Members." The parties have agreed to treat the Action as a Class Action for settlement purposes only.

## Who Is A Settlement Class Member?

Under the terms of the proposed settlement, you are a Class Member if all of the following apply to you, and the Court gives final approval of this Settlement:

    (A)    The Settlement Class is composed of all persons:

        1)    who purchased a motor vehicle in California and entered into a conditional sales contract with any person or entity that was assigned to BMW FS.;

        2)    whose motor vehicle was repossessed or voluntarily surrendered in California, and was not reinstated or redeemed; and

        3)    who were issued an NOI by BMW FS between September 6, 2008 to January 15, 2013

    (B)    The Settlement Class excludes:

        1)    those persons who have filed bankruptcy proceedings,

        2)    accounts of individuals who are deceased,

        3)    those persons with a Conditional Sale Contract entered into outside of California,

        4)    those persons whose vehicles were repossessed outside of California out of state contracts or repossessions.

        5)    persons who signed releases with BMW FS from any liability for Deficiency Balance payments on their accounts prior to January 15, 2013

        6)    those persons against whom BMW FS obtained judgments prior to January 15, 2013.

## The Settlement Benefits – What You Will Get

If the Settlement is approved by the Court, all Class Members will receive benefits. In addition, some Class Members will be eligible to receive cash refunds, as described below. If the Settlement is not approved by the Court, Class Members will not get any benefits of the Settlement and the parties will go back to Court for a trial on the merits of the Action. The parties have made their best efforts to negotiate a settlement that is fair and reasonable under the circumstances.

After diligent investigation of its records, BMW FINANCIAL SERVICES affirms that there are 5,178 members of the Settlement Class, whose deficiency balances total $50,924,483. As part of this settlement, BMW FINANCIAL SERVICES will permanently halt all efforts to collect the remaining deficiency balances as more specifically described below.

Benefits.  For all Class Members, BMW FINANCIAL SERVICES agrees not to pursue collection of any deficiency balance remaining after the sale of the repossessed vehicles which are the subject of the Action. This means BMW FINANCIAL SERVICES cannot collect any additional money from Class Members on these accounts.  BMW FINANCIAL SERVICES shall instruct Equifax, Experian and Trans Union to update the trade line concerning the subject accounts by reporting the accounts as a zero balance and that the accounts are settled.  As part of the Settlement, the Court will issue an injunction which provides: "BMW FINANCIAL SERVICES shall immediately cease and shall not resume any such collection efforts."  **You do NOT need to do anything to receive these benefits.**

Cash Refunds.  If you are a Class Member who paid all or some of a deficiency balance after repossession, you will receive the benefits described above, **and in addition,** you will be sent a check refund of 100% of the amount you actually paid BMW FINANCIAL SERVICES toward your deficiency balance.

Attorneys' Fees and Award to Class Representatives.  Counsel for the class will receive attorneys' fees and costs in an amount not to exceed $360,000.00 subject to approval by the Court at the final approval hearing referred to below.  The fees and costs will be paid by BMW FINANCIAL SERVICES and will not diminish your benefits under the settlement.  In addition, the Representative Plaintiffs Mohammad Salimi, Augusto Galaraga and Velia Serrano will request an award of $3,500.00 each and Alvin Leung will request an award of $1,000.00 to be approved by the Court at the final approval hearing referenced below.  Attorneys' fees and costs as well as the incentive awards will be paid by BMW FINANCIAL SERVICES.

## Potential Tax Consequences

Any benefits you receive may or may not be the subject of state or federal taxation, depending on your circumstances. Counsel for the parties in this lawsuit are not tax attorneys and you are advised to seek separate legal advice on matters of taxation.

## The Settlement Release – What You Will Give Up

In exchange for the benefits described herein, every Class Member gives BMW FINANCIAL SERVICES a Release and agrees to be bound by all court orders in the Action.  You will be bound by the terms of the Settlement, once it is final.  **A release means you can't sue or be part of any other lawsuit against BMW FINANCIAL SERVICES about the claims or issues in *this* Action ever again.**  For more information about the terms of the Release, you may consult the Settlement Agreement, which is on file with the Court, and can be viewed as explained below.

## Your Rights – Exclusion

As a Class Member, you are included in the Settlement, unless you request to be excluded.  If you remain in the Class and this Settlement is approved by the Court, you will receive the non-monetary benefits described above, and if you paid all or part of a deficiency balance and may be entitled to receive the monetary benefits.  You can exclude yourself or "opt out."  If you exclude yourself, you will not receive any benefits of the Settlement, but you will not be bound by any judgment or release in this Action and will keep your right to sue BMW FINANCIAL SERVICES on your own if you want.  If you seek to be excluded, you may not object to the Settlement.

To exclude yourself from the Settlement, you must send a request for exclusion to the Claims Administrator, Kurtzman Carson Consultants by First Class Mail postmarked no later than_____, 2013, and containing all of the following: (1) The name of the Action "*Salimi, et al. v BMW FINANCIAL SERVICES,* UNITED STATES DISTRICT COURT– NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION, Case No. C12-01754 JSW," (2) Your full name, current address, telephone number, and your BMW FINANCIAL SERVICES account number (3) A statement of your intent to exclude yourself, (4) Your signature and the date you signed it. If you do not follow these procedures to exclude yourself your rights will be determined in this Action if this Settlement receives final judicial approval.

## Your Rights – Objection to the Settlement

If you do not request to be excluded, you may object to the Settlement. You may not do both. To object to the Settlement in writing, send your objection to the Claims Administrator, Kurtzman Carson Consultants *and* counsel for BMW FINANCIAL SERVICES *and* Class Counsel at the addresses provided below, by First Class Mail postmarked no later than _____, 2013, and provide all of the following: (1) The name of the Action "*Salimi, et al. v BMW FINANCIAL SERVICES,* UNITED STATES DISTRICT COURT– NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION, Case No. C12-01754 JSW," (2) Your full name, current address, telephone number, and your BMW FINANCIAL SERVICES account number (3) A clear statement of each objection, (4) All supporting evidence and briefing you wish to have considered in support of the objection, (5) Your signature and the date of your signature. Objectors are not required to attend the Final Approval Hearing, but may do so.

## The Final Approval Hearing

The proposed Settlement must be finally approved by the Court. The Court has set the Final Approval Hearing for_____, 2013 at ___:00 ___.m. (subject to change by the Court without further notice), in Courtroom 11 of UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION, located at 450 Golden Gate Avenue, San Francisco, CA 94102 to determine whether the proposed settlement should be approved as fair, reasonable and adequate, whether certification of the Settlement Class is proper, the amount of reasonable attorneys' fees, the amount of class representative award, and whether the Settlement should be finally approved. Class Counsel will apply to the Court for an award of attorneys' fees and expenses not to exceed $360,000.00 plus $11,500.00 for the Class Representatives. BMW FINANCIAL SERVICES has agreed not to oppose this application.

You do not need to hire a lawyer, but may do so if you want to. You and the Settlement Class are already represented by Class Counsel listed below, at no out-of-pocket cost to you.

The Settlement will not take effect unless and until: (1) the Court approves the Settlement at the Final Approval Hearing, and (2) a Final Order and Judgment is entered by the Court and no longer subject to any appellate challenge. After the Court rules on the final approval and the time to appeal has expired or appeals are exhausted, the Settlement will become final, and you will receive the class benefits set forth above. If the Court does not approve the Settlement, Settlement Class members will not receive any benefits described in this notice. It will be as if no settlement had been reached and no class established.

| **More Information** |
|---|

This Notice, which has been approved by the Court, is only a summary. You may call the Class Administrator (Kurtzman Carson Consultants) directly for updates regarding the Court hearing dates, at 1-800-___-_____. If you have additional questions concerning this Action, Notice, or Settlement, you may contact Class Counsel. The Settlement Agreement, along with records and other papers regarding the Action, are on file with the Court and available to be inspected during regular business hours at the Clerk's Office. The Clerk of the Court is located at: 450 Golden Gate Avenue, San Francisco, CA 94102-3489 . **Please do not contact the Judge.**

| **Class Administrator:** | **Counsel for BMW FINANCIAL SERVICES:** | **Class Counsel:** |
|---|---|---|
| Kurtzman Carson Consultants<br>75 Rowlan Way, Suite 250<br>Novato, CA 94945 | JEFFER MENGELS BUTLER & MITCHELL LLP<br>MICHAEL J. HASSEN<br>CHRISTOPHER H. DOYLE<br>Two Embarcadero Center, Fifth Floor<br>San Francisco, CA 94111-3813 | KEMNITZER, BARRON & KRIEG, LLP<br>BRYAN KEMNITZER<br>NANCY BARRON<br>445 Bush Street, 6th Floor<br>San Francisco, CA  94108<br><br>CHAVEZ & GERTLER LLP<br>MARK A. CHAVEZ<br>NANCE F. BECKER<br>DAN L. GILDOR<br>42 Miller Ave.<br>Mill Valley, CA  94941 |

[EXHIBIT D]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MOHAMMMAD SALIMI; AUGUST GALARGA | ) Case No. 3:12-cv-1754 JSW<br>) |
| Plaintiff, | ) **CLASS ACTION**<br>) |
| vs. | ) **[PROPOSED] FINAL ORDER AND**<br>) **JUDGMENT** |
| BMW FINANCIAL SERVICES NA, LLC; ALPHERA FINANCIAL SERVICES; MINI FINANCIAL SERVICES; ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES; ASSET ACQUISITION GROUP, LLC; and DOES 1-50, inclusive, | ) Unlimited Civil Case<br>)<br>) **Date:**<br>) **Time:**<br>) **Dept.:**<br>) **Hon.** |
| Defendants. | ) **Reservation No.**<br>) |

The motion of Plaintiffs MOHAMMAD SALIMI, AUGUST GALARAGA, ALVIN LEUNG, and VELIA SERRANO for Final Approval of Class Action Settlement and for an Award of Attorneys' Fees, Costs and Expenses came on regularly for hearing as scheduled on _____, 2013, at which time the parties and any other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed settlement. There was no opposition to the Motion. By Order dated _____, 2013, this Court preliminarily approved the settlement, certified a class for settlement purposes only, approved the proposed form of notice, and ordered that notice be given.  The Court also separately entered an Injunction

enjoining and restraining defendants BMW FINANCIAL SERVICES NA, LLC, ALPHERA FINANCIAL SERVICES, MINI FINANCIAL SERVICES, ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, and ASSET ACQUISITION GROUP, LLC, (collectively, "BMW Financial") from taking any further steps to collect any amounts purportedly owed by any member of the Settlement Class arising out of a deficiency following repossession of their motor vehicle.  Notice of the Settlement was given to all potential members of the Settlement Class by first class mail at their last known address and following a nationwide address check, and the deadline for members of the settlement class to opt out or object has passed. Having read and considered all papers provided, as well as the arguments of counsel, **THE COURT HEREBY GRANTS THE MOTION AND IT IS ORDERED, ADJUDGED AND DECREED**:

This Final Judgment incorporates the Settlement Agreement, and the capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class.

This Court certifies this action, for settlement purposes only, as a Class Action.

The following Settlement Class, provisionally certified by the Court in its Order dated _____, 2013, is hereby certified under Federal Rule of Civil Procedure 23 for settlement purposes only, and is hereinafter referred to as the "Class":

The phrase "Settlement Class" is defined as all persons:

1)      who purchased a motor vehicle in California and entered into a conditional sales contract with any person or entity that was assigned to BMW FS.;

2)      whose motor vehicle was repossessed or voluntarily surrendered in California, and was not reinstated or redeemed; and

2

[PROPOSED] FINAL ORDER AND JUDGMENT

3)    who were issued an NOI by BMW FS between September 6, 2008 to January 15, 2013

The "Settlement Class" excludes:

1)    those persons who have filed bankruptcy proceedings,

2)    accounts of individuals who are deceased,

3)    those persons with a Conditional Sale Contract entered into outside of California,

4)    those persons whose vehicles were repossessed outside of California out of state contracts or repossessions.

5)    persons who signed releases with BMW FS from any liability for Deficiency Balance payments on their accounts prior to January 15, 2013

6)    those persons against whom BMW FS obtained judgments prior to January 15, 2013.

This Court finds on the record before it that the Class meets the requirements for class certification for settlement purposes as the Class is so numerous that joinder of all members is impracticable.

This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as questions of law or fact common to the issues to be reviewed in connection with the Settlement predominate over the questions affecting only individual members for the purpose of implementing the Settlement in accordance with the Settlement Agreement.

This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as Plaintiffs' claims are typical of the claims of the Class as a whole.

This Court finds on the record before it, that the Class meets the requirements for class certification for settlement purposes as Plaintiffs and their Class Counsel have adequately represented and will continue to adequately represent and protect the interests of the Class.

3

This Court finds on the record before it that the Class is appropriate for certification for settlement purposes as certification of the Class for settlement purposes only by this Court in this action is superior to other available methods for the fair and efficient adjudication of the issues before this Court at this time.  Manageability issues do not prevent certification here because there will be no trial.

The individual Notice by mail, given to each member of the Class at updated mailing addresses, constitutes the best notice practicable and is in full compliance with the requirements of Federal Rules of Civil Procedure and due process of law.

This Court finds that the Settlement and the Settlement Agreement are the product of arm's length negotiations between the parties and that the terms thereof are fair, reasonable, adequate, and in the best interests of the Class and are therefore approved and incorporated herein by the Court.

The Settlement and Settlement Agreement should be implemented and consummated in accordance with the terms of the Settlement Agreement.  To the extent already implemented by the parties, such implementation is hereby approved and ratified by the Court.

Upon the Effective Date of Settlement, Plaintiffs and all Plaintiff Settlement Class members and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be deemed to have jointly and severally released and forever discharged BMW Financial from any and all Released Claims as that term is defined in the Settlement Agreement.

Plaintiff Settlement Class members expressly waive and relinquish any and all rights and benefits which they may have under, or which may be conferred upon them by, the provisions of §1542 of the Civil Code, as set forth in the Settlement Agreement.

The terms of the Agreement and this Judgment shall be forever binding on, and shall have

4

*res judicata* effect in any pending or future lawsuits or proceedings that may be brought or

maintained by or on behalf of any Plaintiff Settlement Class members.  This Court hereby bars

and enjoins: (i) All Plaintiff Settlement Class members, and all persons acting on behalf of, or in

concert or participation with, such Plaintiff Settlement Class members, from filing, commencing,

prosecuting, intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any

Plaintiff Settlement Class member, based upon or asserting any of the Released Claims; and (ii)

All Plaintiff Settlement Class members, and all persons acting on behalf of or in concert or

participation with such Plaintiff Settlement Class members, from bringing a class action on

behalf of Plaintiff Settlement Class members or seeking to certify a class which includes such

Plaintiff Settlement Class members, in any lawsuit based upon or asserting any of the Released

Claims.

 Attached to this Judgment as **Exhibit 1** is a true and correct list of all Plaintiff Settlement

Class members who timely submitted Requests for Exclusion.  No Plaintiff Settlement Class

members, other than those listed in Exhibit 1, are excluded from the Class, or from the effect of

this Judgment.

 It is expressly determined that there is no just reason for delay and the entry of this

Judgment expressly is hereby directed.  In the event that this Judgment is appealed, its mandate

will automatically be stayed until and unless the Judgment is affirmed in its entirety by the court

of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer

subject to further appeal or review.

 This Final Order and Judgment is final for purposes of appeal and may be appealed, and

the Clerk is hereby directed to enter Judgment thereon.

 Attorneys' fees and reimbursement of expenses to counsel for the Class in the amount of

$_____, plus an incentive payment of $3,500.00 to MOHAMMAD SALIMI,

1   AUGUSTO GALARAGA and VELIA SERRANO each and an incentive payment of $1,000.00

2   to ALVIN LEUNG is hereby approved as fair and reasonable and BMW Financial shall make

3   such payments in accordance with the terms of the Settlement Agreement.

4        Any and all objections to the Settlement and the Settlement Agreement are overruled as

5   being without merit.

6        In the event that the Settlement does not become effective in accordance with the terms of

7   the Settlement Agreement, then this Judgment shall be rendered null and void and be vacated and

8   the Settlement Agreement and all orders entered in connection therewith shall be rendered null

9   and void, and the Court's ruling on class certification shall be vacated *nunc pro tunc.*

10       The Parties are directed to carry out their obligations under the Settlement Agreement.

11       Jurisdiction is hereby reserved by this Court to assure compliance with all terms of this

12  Settlement, in accordance with the Settlement Agreement and this Order.

13  **SO ORDERED**

14  Dated: _____, 2013

15                           _____

                             The Honorable Jeffrey S. White

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FINAL ORDER AND JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

LIST OF PLAINTIFF  SETTLEMENT CLASS MEMBERS WHO TIMELY

REQUESTED EXCLUSION

[PROPOSED] FINAL ORDER AND JUDGMENT

PROOF OF SERVICE

**Re:** *Salimi v. BMW Financial Services, et al.*
**USDC-ND Cal. Case No. 3:12-cv-1754 JSW**
**Alameda County Superior Court Case No. RG12618717**

I, Kirill Devyatov, certify that I am not a party to the proceeding herein, that I am and

was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 445 Bush Street, San Francisco, California 94108.

On October 31, 2013, I served the following:

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

**DECLARATION OF NANCY BARRON IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF BRYAN KEMNITZER IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**[PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES,
GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

(VIA ELECTRONIC CASE FILING)  I filed electronically the documents listed above, using

the above-captioned Court's electronic case filing service.  Counsel of record are registered to

file electronically with this Court, and receive copies of the documents via e-mail from the

Court to confirm filing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 31, 2013

Kirill Devyatov