JEFFER MANGELS BUTLER & MITCHELL LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3813
Telephone:     (415) 398-8080
Facsimile:      (415) 398-5584

Attorneys for Defendants BMW FINANCIAL SERVICES, NA,
LLC, and ASSET ACQUISITION GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOHAMMAD SALIMI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC,<br>ASSET ACQUISITION GROUP, LLC, *et al.*,<br><br>Defendants. | CASE NO.      3:12-cv-1754 JSW<br><br>**DEFENDANTS' FINAL BRIEF IN SUPPORT OF FINAL APPROVAL AND IN FURTHER SUPPLEMENTAL RESPONSE TO COURT ORDER DATED FEBRUARY 6, 2014**<br><br>Date:          February 6, 2015<br>Time:          9:00 a.m.<br>Courtroom:   5, 2nd Floor<br>Judge:         Hon. Jeffrey S. White |

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON

RECYCLED PAPER

SF 1945674v1

1          Defendants BMW Financial Services NA, LLC ("BMW FS") and Asset Acquisition

2     Group, LLC (collectively "Defendants") respectfully submit this final brief in support of Plaintiffs'

3     request for final approval and in further supplemental response to this Court's Order dated

4     February 6, 2014 (Docket No. 64) (the "Order").

5          In support of the proposed Class Action Settlement Agreement of this matter,

6     Defendants advised the Court that an essential aspect of the Settlement was the submission by

7     BMW FS to this Court of its current Notice of Intent ("NOI") to obtain confirmation that the NOI

8     complies with California law.  The Order raised certain concerns, and requested a supplemental

9     brief be filed by February 18, 2014, addressing the following:  "[whether] Defendants are amenable

10    to waiting for the Court to address their requested order until the Court reviews the motion for final

11    approval" and "whether they are willing to amend their proposed notice of intent to provide names

12    and addresses of the third parties who are to be paid."  Order, at 2.

13         At that time, Defendants responded as follows.

14         First, Defendants confirmed that they were amenable to waiting for the Court to

15    address their requested order until the Court reviews the motion for final approval.

16         Second, Defendants noted that the Order's reference to "names and addresses of the

17    third parties who are to be paid" referred to the payment of two fees:  the storage fee, and the law

18    enforcement fee.  Defendants addressed each separately as follows.

19         With respect to the storage fee, the Order states, "The proposed notice of intent also

20    fails to provide the name and address of the storage facility."  Order, at 1.  That information will be

21    provided on Page 4 of every new NOI under the heading, "VEHICLE RETURN," as demonstrated

22    by Exhibit A attached hereto.  That section reads, in the sample provided, "Upon redemption, the

23    Vehicle will be available for pickup at *C.A.R.S, 5449 Peck Rd Arcadia CA 91006*."  Defendants

24    believe this adequately addresses the Court's concern that the NOI provide the name and address of

25    the storage facility.

26         With respect to the law enforcement fee, the Order states, "The Court notes

27    Defendants' concern that a consumer may be able to pay the law enforcement fee at multiple

28

PRINTED ON

RECYCLED PAPER

SF 1945674v1

- 1 -          DEFENDANTS' FUR. BR. IN RESP. TO 02/06/2014
                    COURT ORDER; CASE NO. 3:12-cv-1754 JSW

1  locations. However, Defendants could provide the name and address of at least one valid location

2  and note that the consumer may be able to pay this fee at other, potentially more convenient

3  locations, such as at the storage facility."  Order, at 1.  Defendants' initial response to the Order

4  noted that no auto finance company specifies a name and address of a law enforcement agency in

5  their Notice of Intent ("NOI"), and that it presented certain logistical problems, particularly for a

6  finance company located in a distant State (here, for example, Ohio), to do so.  Nonetheless,

7  Defendants stated that they would work on a solution pending the hearing on final approval.

8          Accordingly, at that time, Defendants proposed that, with the Court's consent,

9  Defendants would continue working on this concern and would provide additional and

10 supplemental briefing at a later time.  This brief serves as that additional and supplemental briefing.

11         Defendants took advantage of the passage of time from February, 2014, until now to

12 work out a way to obtain the identity of the law enforcement agency notified of the repossession

13 and to be able to insert that name and address into its current NOI, as demonstrated by Exhibit A

14 attached hereto.  Defendants' new NOI provides,

15         **CALIFORNIA LAW ENFORCEMENT FEE:**

16         California law requires the payment of a $15 fee to the law

17         enforcement agency in the city/county where the repossession

18         occurred before a repossessed vehicle may be released.  If the Vehicle

19         was repossessed in California, you will be required to pay this fee and

20         present a receipt or proof of payment at the time you pick up the

21         Vehicle. ***Please contact Monrovia Police Dept. at 6262568000; 140***

22         ***E. Lime Ave. Monrovia, CA 91016.***

23 *See* Exh. A, at 3, italics added.

24         In short, Defendants found a way to accomplish the Court's request to specifically

25 identify the name and address of a law enforcement agency at which the law enforcement fee may

26 be paid.  In light of this, Defendants respectfully renew their request that the Court approve the NOI

27 currently being used by Defendants, in the form attached as Exhibit A hereto.

28

PRINTED ON
RECYCLED PAPER
SF 1945674v1

1    As a final note, Defendants request that the Court order specify that Defendants need

2 not serve a 1099-C to class members for forgiveness of debt.  While the Internal Revenue Service

3 has issued a Private Letter Ruling opining that a creditor's legal inability to collect a debt due to a

4 violation of Rees-Levering does not constitute the creditor's "forgiveness" of a debt, that Private

5 Letter Ruling may not be relied upon by third parties.  It makes no sense to saddle absent class

6 members with a tax burden that may well exceed the amounts each recovers under the Settlement.

7                                        Respectfully Submitted,

8

9 DATED:  January 13, 2014              JEFFER MANGELS BUTLER & MITCHELL LLP

10

11                                       By: /s/ Michael J. Hassen
                                              MICHAEL J. HASSEN
12                                       Attorneys for Defendants BMW FINANCIAL
                                         SERVICES, NA, LLC, and ASSET ACQUISITION
13                                       GROUP, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER
SF 1945674v1