UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOHAMMAD SALIMI; AUGUST GALARAGA, ALVIN LEUNG, and VELIA SERRANO<br><br>      Plaintiffs,<br>  vs.<br><br>BMW FINANCIAL SERVICES NA, LLC; ALPHERA FINANCIAL SERVICES; MINI FINANCIAL SERVICES; ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES; ASSET ACQUISITION GROUP, LLC; INVESTMENT RETRIEVERS, INC.; and DOES 1-50, inclusive,<br><br>      Defendants | **Case No. 4:12-cv-01754 -JSW**<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT**<br><br>**Date:  February 6, 2015**<br>**Time:  9:00 a.m.**<br>**Dept:   Courtroom 5, 2nd Floor**<br>**Hon. Jeffrey S. White** |

1

THIS MATTER HAVING come before the Court for a hearing on February 6, 2015 pursuant to the motion filed to determine whether the Settlement Agreement between the named Plaintiffs ("Plaintiffs"), MOHAMMAD SALIMI, AUGUST GALARAGA, and ALVIN LEUNG, individually and on behalf of the proposed Settlement Class ("Class"), and Defendants BMW FINANCIAL SERVICES NA, LLC, ALPHERA FINANCIAL SERVICES, MINI FINANCIAL SERVICES, ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, INVESTMENT RETRIEVERS, INC, and ASSET ACQUISITION GROUP, LLC, (collectively "BMW FINANCIAL SERVICES") is fair and reasonable and should be approved as being in the best interests of the Class, and for the purpose of determining attorneys' fees and costs to be awarded, Notice of the hearing, the Settlement and application for attorneys' fees and reimbursement of expenses having been given pursuant to the Settlement and as set forth in this Court's Preliminary Approval Order of September 29, 2014 and Proof of Notice having been filed with the Court, all persons present or represented at the hearing, who were entitled to be heard pursuant to the Notice, having been given an opportunity to be heard, Counsel for the parties having appeared in support of the Settlement, and The Court having considered all documents filed in support of the Settlement and fully considered all matters raised, all exhibits and affidavits filed and all evidence received at the hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court,

**IT IS ORDERED, ADJUDGED AND DECREED** on this 6th day of February, 2015, that:

This Final Judgment incorporates the Settlement Agreement, and the capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class as that term is defined herein.

This Court certifies this action, for settlement purposes only, as a Class Action.

The following Settlement Class, provisionally certified by the Court in its Order dated September 29, 2014, is hereby certified under Federal Rule of Civil Procedure 23 for settlement purposes only, and is hereinafter referred to as the "Class":

The phrase "Settlement Class" is defined as all persons who:

(a)     who purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code § 2981, *et seq.*;

(b)     whose motor vehicle was repossessed or voluntarily surrendered;

(c)     who were sent a Statutory Notice by BMW FINANCIAL SERVICES NA, LLC, ALPHERA FINANCIAL SERVICES, MINI FINANCIAL SERVICES, or ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, at any time between September 6, 2008 and January 15, 2013; and

(d)     against whose account a deficiency balance was assessed.

The "Settlement Class" excludes persons:

(a)     who filed for bankruptcy on or before January 15, 2013,

(b)     all deceased persons,

(c)     persons against whom BMW FINANCIAL SERVICES had obtained a judgment on or before January 15, 2013,

(d)     persons who have signed a release, and

(e)     out of state contacts or repossessions.


This Court finds on the record before it that the Class meets the requirements for class certification for settlement purposes as the Class is so numerous that joinder of all members is impracticable.

This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as questions of law or fact common to the issues to be reviewed in connection with the Settlement predominate over the questions affecting only individual members for the purpose of implementing the Settlement in accordance with the Settlement Agreement.

This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as Plaintiffs' claims are typical of the claims of the Class as a

3

whole.

This Court finds on the record before it, that the Class meets the requirements for class certification for settlement purposes as Plaintiffs and their Class Counsel have adequately represented and will continue to adequately represent and protect the interests of the Class.

This Court finds on the record before it that the Class is appropriate for certification for settlement purposes as certification of the Class for settlement purposes only by this Court in this action is superior to other available methods for the fair and efficient adjudication of the issues before this Court at this time.  Manageability issues do not prevent certification here because there will be no trial.

The individual Notice by mail, given to each member of the Class at updated mailing addresses, constitutes the best notice practicable and is in full compliance with the requirements of Federal Rules of Civil Procedure and due process of law.

This Court finds that the Settlement and the Settlement Agreement are the product of arm's length negotiations between the parties and that the terms thereof are fair, reasonable, adequate, and in the best interests of the Class and are therefore approved and incorporated herein by the Court.

The Settlement and Settlement Agreement should be implemented and consummated in accordance with the terms of the Settlement Agreement.  To the extent already implemented by the parties, such implementation is hereby approved and ratified by the Court.

Upon the Effective Date of Settlement, Plaintiffs and all Settlement Class Members and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be deemed to have jointly and severally released and forever discharged BMW FINANCIAL SERVICES from any and all Released Claims as that term is defined in the Settlement Agreement.

Settlement Class Members expressly waive and relinquish any and all rights and benefits which they may have under, or which may be conferred upon them by, the provisions of §1542 of the Civil Code, as set forth in the Settlement Agreement.

The terms of the Agreement and this Judgment shall be forever binding on, and shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any Class Members.  This Court hereby bars and enjoins: (i) All

4

1   Class Members, and all persons acting on behalf of, or in concert or participation with, such Class

2   Members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in

3   any jurisdiction on behalf of any Class Member, based upon or asserting any of the Released

4   Claims; and (ii) All Class Members, and all persons acting on behalf of or in concert or

5   participation with such Class Members, from bringing a class action on behalf of Class Members or

6   seeking to certify a class which includes such Class Members, in any lawsuit based upon or

7   asserting any of the Released Claims.

8       Attached to this Judgment as **Exhibit 1** is a true and correct list of all Class Members who

9   timely submitted Requests for Exclusion.  No Class Members, other than those listed in Exhibit 1,

10  are excluded from the Class, or from the effect of this Judgment.

11      It is expressly determined that there is no just reason for delay and the entry of this

12  Judgment expressly is hereby directed.  In the event that this Judgment is appealed, its mandate will

13  automatically be stayed until and unless the Judgment is affirmed in its entirety by the court of last

14  resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to

15  further appeal or review.

16      This Final Order and Judgment is final for purposes of appeal and may be appealed, and the

17  Clerk is hereby directed to enter Judgment thereon.

18      Attorneys' fees and reimbursement of expenses to counsel for the Class in the amount of

19  $428,105.23____, plus an incentive payment of $3,500.00 to MOHAMMAD SALIMI,

20  AUGUSTO GALARAGA and VELIA SERRANO each, and an incentive payment of $1,000.00 to

21  ALVIN LEUNG is hereby approved as fair and reasonable and BMW FINANCIAL SERVICES

22  shall make such payments in accordance with the terms of the Settlement Agreement.

23      Any and all objections to the Settlement and the Settlement Agreement are overruled as

24  being without merit.

25      In the event that the Settlement does not become effective in accordance with the terms of

26  the Settlement Agreement, then this Judgment shall be rendered null and void and be vacated and

27  the Settlement Agreement and all orders entered in connection therewith shall be rendered null and

28  void.

1    The Parties are directed to carry out their obligations under the Settlement Agreement.

2    The Court finds as a matter of state law, that the NOI issued to the Class did not strictly

3    comply with California law, Civil Code §2983.2, and BMW FINANCIAL SERVICES is barred by

4    state law from collecting deficiency balances from the Class.

5    Consistent with IRS PLR Number 200212004, BMW FS is not required to issue 1099-Cs to

6    any class members and is not subject to the reporting requirements of Internal Revenue Code

7    section 6050P.

8    Jurisdiction is hereby reserved by this Court to assure compliance with all terms of this

9    Settlement, in accordance with the Settlement Agreement and this Order.

10   Class Counsel shall serve a copy of this Order on all named parties or their counsel within

11   seven (7) days of receipt.

12   **SO ORDERED**

13

14   Dated: February 6, 2015

     _____

15   HON. JEFFREY S. WHITE

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

2

**<u>EXHIBIT 1</u>**
**Class Members who timely submitted Requests for Exclusion**

3

NONE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28