# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

*Salimi, et al, v BMW Financial Services, et al.*
United States District Court, Northern District of California, Case No. C12-01754 JSW

This Settlement Agreement and Release ("Agreement") is entered into as of June 18, 2013, by and between BMW FINANCIAL SERVICES NA, LLC; ALPHERA FINANCIAL SERVICES, A DIVISION OF BMW FINANCIAL SERVICES NA, LLC; MINI FINANCIAL SERVICES, A DIVISION OF BMW FINANCIAL SERVICES NA, LLC; ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, A DIVISION OF BMW FINANCIAL SERVICES NA, LLC; and ASSET ACQUISITION GROUP, LLC, (collectively "BMW FS") on the one hand, and MOHAMMAD SALIMI, AUGUSTO GALARAGA, ALVIN LEUNG, and VELIA SERRANO (individually and on behalf of the Settlement Class below) (collectively "Plaintiffs"), on the other hand.

## I.    RECITALS

WHEREAS, MOHAMMAD SALIMI and AUGUSTO GALARAGA, as Plaintiffs, commenced an action which is currently pending against BMW FS (US District Court, Northern District of California Case Number C12-01754 JSW) (the "Action"), which has been brought as a class action and which asserts class claims for violations of the Rees- Levering Automobile Sales Financing Act, Civil Code § 2981, *et seq.* Business and Professions Code § 17200, and declaratory relief; and

WHEREAS, VELIA SERRANO, as Cross-Complainant, commenced a class action, by way of a cross-complaint against PERSOLVE in Orange County Superior Court, entitled *Persolve, LLC dba Account Resolution Associates v. Velia Serrano*, Case No. 30-2013-00629313-CL-CL-CJC, which arises out of BMW FS's collection activities and which asserts

class claims for violations of the Rees- Levering Automobile Sales Financing Act, Civil Code § 2981, *et seq.* Business and Professions Code § 17200, and declaratory relief; and

WHEREAS, BMW FS denies the material allegations made in the Action and denies any and all liability with respect to any and all facts and claims alleged in the Action and further denies that the Plaintiff Settlement Class has suffered any damage; and

WHEREAS, sharply contested issues of both law and fact exist concerning the allegations and claims made by and against BMW FS; and

WHEREAS, Plaintiffs' Counsel has conducted an extensive investigation into the facts and law relating to the Action; and

WHEREAS, Plaintiffs' Counsel has fully analyzed and evaluated the merits of all Parties' contentions and this settlement as it impacts upon all Parties, including the individual members of the Plaintiff Settlement Class, and after taking into account the foregoing along with the substantial risks of continued litigation and the likelihood that the Action, if not settled now, will be protracted and expensive, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and equitable, and that a settlement of the Action is in the best interests of the Plaintiff Settlement Class defined below; and

WHEREAS, BMW FS denies liability, but nevertheless desires to settle the Action on the terms and conditions herein set forth, for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the litigation for the Plaintiff Settlement Class.

NOW THEREFORE, in consideration of the covenants and agreements set forth herein, the Representative Plaintiffs, the Plaintiff Settlement Class and BMW FS, themselves and

through their undersigned counsel, agree to the settlement of the Action, subject to Court approval, under the following terms and conditions.

1.    <u>DEFINITIONS</u>

1.01    "Agreement" means this Settlement Agreement.

1.02    "Buyer" means any person who bought a vehicle in California pursuant to a Conditional Sales Contract which was later assigned to BMW FS, and any co-buyer on such contract.

1.03    "Conditional Sale Contract" means any contract for the purchase of a vehicle entered into in California.

1.04    "Court" means the United States District Court for the Northern District of California.

1.05    "Defendant" or "BMW FS" means BMW Financial Services NA, LLC, Alphera Financial Services, Mini Financial Services, Rolls-Royce Motor Cars Financial Services, and Asset Acquisition Group, LLC, and their parents, subsidiaries, affiliates, successors, and assigns, including any collection agencies who has sought to collect any Deficiency Balance owing on any Conditional Sale Contract with any member of the Plaintiff Settlement Class.

1.06    "Defendant's Counsel" means the law firm of Jeffer, Mangels, Butler & Mitchell LLP.

1.07    "Deficiency Balance" means the outstanding balance of a Buyer's Conditional Sale Contract account after sale or other disposition of the loan collateral and application of the disposition proceeds to the account balance, including interest and principal and any other charges or fees assessed before or after the repossession.

1.08    "Distribution Date" means twenty (20) days after the date of Final Approval.

1.09    "Final Approval" of this Agreement means the last date by which final judgment is entered approving this Agreement and dismissing the claims of the Representative Plaintiffs and the Plaintiff Settlement Class with prejudice and the Court has made its final award of attorneys' fees and costs under the terms of this Agreement; provided however, that if a class member objects to approval of the Agreement, Final Approval means the date by which thirty-one days have passed after the final judgment approving the settlement, and award of attorneys' fees, costs and expenses and payments was entered without any appeals being taken, or, if appeals or requests for review have been taken, after orders affirming the judgment or denying review or the judgment otherwise becoming final with any appeal being dismissed or otherwise terminated.

1.10    "NOI" means a notice of intent to dispose of repossessed or surrendered motor vehicle within the meaning of Civil Code § 2983.2.

1.11    "Parties" means the Representative Plaintiffs, the Plaintiff Settlement Class and BMW FS.

1.12    "Plaintiff Settlement Class" means all Buyers: (1) who purchased a motor vehicle in California and entered into a conditional sales contract with any person or entity that was assigned to BMW FS; (2) whose motor vehicle was repossessed or voluntarily surrendered in California, and was not reinstated or redeemed; and (3) who were issued an NOI by BMW FS between September 6, 2008 to January 15, 2013. Excluded from the class are those persons who have filed bankruptcy proceedings, accounts of individuals who are deceased, those persons with a Conditional Sale Contract entered into outside of California, those persons whose vehicles were repossessed outside of California, those persons who signed releases with BMW FS from

any liability for Deficiency Balance payments on their accounts prior to January 15, 2013, and those persons against whom BMW FS obtained judgments prior to January 15, 2013.

1.13    "Plaintiffs' Counsel" means the law firms of Chavez & Gertler LLP and Kemnitzer, Barron & Krieg, LLP.

1.14    "Preliminary Approval" of this Agreement means that the Court has entered orders certifying a settlement class and preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Plaintiff Settlement Class.

1.15    "Representative Plaintiffs" means Mohammad Salimi, Augusto Galaraga, Alvin Leung, and Velia Serrano.

1.16    "Class Administrator" refers to Kurtzman Carson Consultants.

1.17    "Collected Deficiency Balance" means the amount of the Deficiency Balance collected by BMW FS as defined herein.

1.18    As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof as the case may be.

2.    GENERAL TERMS OF THE SETTLEMENT

2.01    For the purposes of settlement and the proceedings contemplated herein, the Parties stipulate and agree that a settlement class shall be certified in accordance with the definition of the "Plaintiff Settlement Class" set forth in Section 1.12 hereof, and that Plaintiffs shall be the Settlement Class Representatives and their counsel of record, Chavez & Gertler LLP and Kemnitzer, Barron & Krieg, LLP, shall be appointed as Class Counsel for the Plaintiff Settlement Class. The certification of the Plaintiff Settlement Class shall be binding only with respect to the settlement and this Agreement. In the event this Agreement terminates pursuant to its terms for any reason, the Settlement Class Certification Order shall be vacated by its terms,

5

and this Action shall revert to its status with respect to class certification as existed prior to the date of the execution of the Settlement Agreement.

2.02    Within fifteen (15) days of execution, Representative Plaintiffs shall move for Preliminary Approval of this Agreement and for the entry of an order, in a form to be subsequently agreed to or, in the absence of an agreement, determined by the Court, certifying a settlement class in accordance with the definition of the Plaintiff Settlement Class, appointing the Representative Plaintiffs as the Representative of the Plaintiff Settlement Class, appointing his counsel of record as Plaintiff Settlement Class Counsel, and granting Preliminary Approval to the settlement. In addition, the Parties stipulate and agree that an Injunction in the form of Exhibit A hereto shall be issued as a Preliminary Injunction by the Court at the time of Preliminary Approval, and automatically become a Permanent Injunction upon Final Approval. The Injunction shall prohibit the collection of Deficiency Balances from members of the Plaintiff Settlement Class.

2.03    Within fifteen (15) days of Preliminary Approval, BMW FS shall identify all members of the Plaintiff Settlement Class through diligent investigation and review of its records and provide the Class Administrator with the following:

a.    a list of the names, last known addresses, and last 4 digits of account numbers of all Plaintiff Settlement Class members identified;

b.    the aggregate amount of each Plaintiff Settlement Class member's Deficiency Balance; and

c.    the aggregate amount of the Deficiency Balances collected from each Plaintiff Settlement Class member.

Also on or before June 28, 2013, BMW FS shall provide Plaintiff's Counsel with a declaration under penalty of perjury from an officer of BMW FS describing BMW FS's efforts to compile the above information completely and accurately and confirming the above information, as well as what steps were taken to gather the information necessary to generate an Excel spreadsheet that reveals the class size, the outstanding deficiencies and amounts collected, with the members of the Plaintiff Settlement class identified only by the last 4 digits of their account number.

2.04     Within twenty (20) days after Preliminary Approval, the Class Administrator shall (a) run a National Change of Address Registry check for all of the addresses; and (b) mail the class notice in the form approved by the Court by first class United States mail to the updated addresses for the Plaintiff Settlement Class obtained by that process. The Parties shall propose a class notice in the form attached as Exhibit B, which class notice shall advise Plaintiff Settlement Class members of their rights to opt out of the class or object to the settlement under the procedures and in accordance with the deadlines set by the Court.  The class notice shall also give members of the Plaintiff Settlement Class notice of BMW FS's cessation of collection efforts.  At least thirty-five (35) days prior to the Final Approval Hearing, the Class Administrator shall file with the Court and serve on Plaintiffs' Counsel and Defendant's Counsel a declaration detailing compliance with this Section.

2.05     After the mailing of class notice and in accordance with the schedule established by the Court, Representative Plaintiffs shall move for Final Approval of the Settlement Agreement through a form of Final Approval Order and Final Judgment to be subsequently agreed to or, in the absence of an agreement, determined by the Court. BMW FS shall support this motion. At the Final Approval Hearing, Representative Plaintiffs shall also move for an award of attorneys' fees, costs, and expenses consistent with the terms of this Agreement.

Without affecting the finality of the Final Judgment in any way, the Court shall retain jurisdiction over:

      a.    any other action necessary to implement the terms of the Final Judgment and/or the Settlement Agreement, including any further amendments to the Final Judgment to provide relief to additional members of the Plaintiff Settlement Class who may be identified after entry of the Final Judgment.

      b.    the construction, interpretation, implementation, and enforcement of the Final Judgment, until each and every act agreed to be performed by the parties there under has in fact been fully performed.

3.      <u>MONETARY RELIEF TO PLAINTIFF SETTLEMENT CLASS MEMBERS</u>

3.01    BMW FS shall determine by diligent investigation from its records, for each Plaintiff Settlement Class member, the amount of the Plaintiff Settlement Class member's Deficiency Balance, and the amount of money paid by the Plaintiff Settlement Class member on the Deficiency Balance ("the Collected Deficiency Balances").  No later than 10 days prior to the Distribution Date, BMW FS shall deposit with the Class Administrator amount equal to the total of the Collected Deficiency Balances plus the amount necessary to cover the total amount of incentive awards and attorneys' fees and costs awarded by the Court.

3.02    On the Distribution Date, the Class Administrator shall issue refunds to Plaintiff Settlement Class members of the amount of money paid by the Plaintiff Settlement Class members on their Deficiency Balances. BMW FS has represented that approximately 636 Plaintiff Settlement Class members are entitled to refunds pursuant to this Section and that the amount to be refunded is $2,088,202.43.  No interest shall accrue or be paid on refunds to members of the Plaintiff Settlement Class.

3.03     If there are co-borrowers on an account, then the refund payment pursuant to Section 3.01 shall be by check made payable to the payor of the Deficiency Balance if readily determinable or, if not, to the first named borrower. In the event of any dispute about a refund or the proper recipient of a refund, whether caused by the death of a Buyer, a dispute between a Buyer and Co-Buyer, or for any other reason, Plaintiffs' Counsel and Defendant's Counsel shall meet and confer in a good faith attempt to resolve that dispute. In the event the dispute cannot be resolved informally between the Parties, either party may ask the Court to resolve the dispute. Any such disputes shall be resolved and all refund checks must be negotiated within 180 days of the Distribution Date. Unless the court otherwise orders, if any refund check is not cashed within 180 days of the Distribution Date, neither the Buyer nor Co-Buyer shall be entitled to the proceeds of the check, and BMW FS shall have no further obligation to make a payment to that Buyer or Co-Buyer.

3.04     On the Distribution Date, BMW FS shall permanently terminate collection of the Deficiency Balances of Plaintiff Settlement Class members by adjusting their account balances to permanently reflect that they do not owe any amounts to BMW FS. BMW FS shall not issue Form 1099s as to any Plaintiff Settlement Class Member in connection with this acknowledgement that they do not owe any Deficiency Balances.  BMW FS has represented that 5,178 Plaintiff Settlement Class members are entitled to such waivers and that the amount to be waived is $50,924,483.33.

3.05     The Parties understand and agree that Plaintiffs' Counsel shall make an application to the Court for an award of attorneys' fees, costs and expenses. BMW FS agrees not to oppose in any manner such an application for fees, costs and expenses in an amount not to exceed $360,000. The Court's award of attorneys' fees, costs and expenses shall be paid by the

Class Administrator on the Distribution Date through a wire transfer to the bank account of Chavez & Gertler LLP in accordance with wire transfer instructions to be provided by Chavez & Gertler LLP. The award shall be paid separate from and in addition to the payments to the Plaintiff Settlement Class and shall not reduce the amounts of those payments.

      3.06    Subject to the Court's approval, the Class Administrator shall pay the Representative Plaintiffs service awards as follows:  Plaintiff Salimi in the amount of $3500, Plaintiff Galaraga in the amount of $3500, Plaintiff Leung in the amount of $1000, and Plaintiff Serrano in the amount of $3500. The service award shall be paid by a check made payable to each of the Representative Plaintiffs, individually,  delivered to Plaintiffs' Counsel on the Distribution Date. The service award shall be paid by BMW FS separate from and in addition to the payments to the Plaintiff Settlement Class and shall not reduce the amounts of those payments.  In addition, BMW FS shall provide to the Representative Plaintiffs all other relief provided under the terms of this Settlement Agreement to the members of the Plaintiffs Settlement Class.

4.      <u>NON-MONETARY RELIEF TO PLAINTIFF SETTLEMENT CLASS MEMBERS</u>

      4.01    On the Distribution Date, the BMW FS shall transmit requests to the three major credit reporting agencies, Experian, Trans Union and Equifax, asking them to update the trade line on the credit reports pertaining to members of the Plaintiff Settlement Class to reflect that their BMW FS accounts have a zero balance and have been settled. BMW FS shall not, in the future, change its credit reporting for a Plaintiff Settlement Class member to report something other than a zero balance and that the account was settled. In the event that Plaintiffs' Counsel notifies BMW FS in the manner set forth below that an account is being reported differently, BMW FS shall separately instruct the credit reporting agencies to report such accounts as having a zero balance and settled. However, neither the Class Administrator nor BMW FS shall be

responsible for any failure of a credit reporting agency to follow their instructions, and neither the Class Administrator nor BMW FS shall have any liability for the failure of a credit reporting agency to carry out these instructions.  BMW FS shall only be obligated to reinstruct the credit reporting agencies, and to provide confirmation of the reinstruction to Plaintiffs' Counsel, if Plaintiffs' Counsel (1) notifies BMW FS in writing of the name and account number of the Plaintiff Settlement Class member at issue, (2) provides written evidence of the manner in which the account is then being reported by including a copy of the relevant page(s) of the Plaintiff Settlement Class member's credit report(s), and (3) provides a complete copy of this Settlement Agreement.

4.02    On the date the Preliminary Injunction is issued, to the extent that BMW FS has not already done so, BMW FS and its agents (including any lawyers or debt collection agencies) shall cease all collection activities on Plaintiff Settlement Class members' accounts, except as to matters in which cross-complaints have been filed or in which BMW FS is a defendant, or as to actions advancing claims involving matters other than the collection of deficiencies. BMW FS shall also inform all outside counsel and debt collection agencies holding such accounts that they have been withdrawn from collection, and that collections and any credit reporting must immediately cease. BMW FS shall reacquire all such Plaintiff Settlement Class members' accounts which were previously sold to any third party debt collection agency.

5.    ADMINISTRATION OF THE SETTLEMENT

5.01    The costs of class notice and administration through the Class Administrator shall be capped at $30,000, which sums shall be advanced by BMW FS.  The Class Administrator shall set up an 800 number, and shall locate class members as follows:  BMW FS will provide the Class Administrator with a list of class members and their last known address in an electronic format; the Class Administrator will run a national change of address search for all class

11

members; the required notice shall be sent in English only; for those consumers who are entitled to receive money under this Agreement but whose notices are returned as undeliverable, BMW FS will provide the Class Administrator with the social security numbers of the consumers and the Class Administrator will run a check with the credit reporting companies or run an Accurint check to determine the consumers' last known address and resend the notice. All activities by the Class Administrator shall fall within this $30,000 cap. If the Class Administrator will not agree to cap its fees and costs at $30,000 then the Parties shall agree upon another Class Administrator who will agree to cap its fees and costs at $30,000.

5.02    As used in this Section, the word "costs" includes payments made to third parties, if any. The costs described in this Section shall be paid by BMW FS separate from and in addition to the payments to the Plaintiff Settlement Class and shall not reduce the amounts of those payments.

5.03    For those members of the Plaintiff Settlement Class whose refund checks mailed pursuant to Section 3.02 are returned by the Postal Service for lack of current correct address, the Class Administrator shall seek an address correction via a social security number search or an Accurint check for those individuals and their checks will be re-sent to any subsequently-obtained addresses. The Class Administrator shall have no further obligation to locate members of the Plaintiff Settlement Class.

5.04    Those members of the Plaintiff Settlement Class who are not located or whose checks are not cleared within one hundred and eighty (180) days after the Distribution Date, shall be ineligible to receive refunds.

5.05    Seven (7) months after the Distribution Date, the first $105,000 of any uncashed checks shall revert to BMW FS in partial reimbursement of the payments of class notice and

administration and attorneys' fees incurred under this Agreement.  The remainder of any uncashed checks shall be distributed to the National Consumer Law Center.

5.06     Within twenty (20) days after the final distribution of all amounts pursuant to this Agreement, the Class Administrator shall file a declaration certifying to the Court that the refunds and account corrections have all been timely made in accordance with the terms of this Agreement and certifying that the Class Administrator has taken all steps required to correct the credit reports of Plaintiff Settlement Class members. The Class Administrator shall serve a copy of this declaration on Plaintiffs' Counsel and Defendant's Counsel. The declaration shall establish that:

a.     after a reasonable search and a diligent inquiry, based on the information provided by BMW FS, has identified to the best of its ability the Plaintiff Settlement Class members;

b.     the Class Administrator has provided the monetary relief due to the then known Plaintiff Settlement Class members; and

c.     the number of Plaintiff Settlement Class members who opted out and/or objected to this Agreement.

5.07     The Class Administrator shall also, on or before the Distribution Date, provide BMW FS with a list of all individuals who have elected to opt out of the settlement, and shall on the Distribution Date remit to BMW FS all of the Collected Deficiency Funds that have not been distributed to members of the Plaintiff Settlement Class.

6.     <u>RELEASES</u>

6.01     Upon Final Approval, the Representative Plaintiffs on the one hand and BMW FS on the other hand shall mutually release and forever discharge each other from:

    a.    any and all claims, liens, demands, causes of action, obligations, damages, and liabilities, known or unknown, that the Representative Plaintiffs or BMW FS have had in the past, or now have, or may have in the future against each other, arising directly or indirectly out of the claims in the Action; and

    b.    any and all other claims, liens, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, known or unknown, that the Representative Plaintiffs or BMW FS have had in the past or now have against each other.

6.02    Representative Plaintiffs and BMW FS expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity. Representative Plaintiffs and BMW FS explicitly took that possibility into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Representative Plaintiffs and BMW FS with the knowledge of the possibility of such unknown losses or claims, was given in exchange for a full accord, satisfaction, and discharge of all such losses or claims. Consequently, Representative Plaintiffs and BMW FS expressly waive all rights under California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

6.03    Upon Final Approval, the members of the Plaintiff Settlement Class who have not timely excluded themselves after being mailed class notice shall be deemed to have covenanted and agreed that, upon the mailing of all settlement monies due and owing and the application of

all credits to be made pursuant to this Agreement: (1) the non-excluded members of the Plaintiff Settlement Class shall be forever barred from instituting, maintaining, or prosecuting against BMW FS any claim, demand, action, cause of action or liability of any nature, whether known or unknown, suspected or unsuspected, which the non-excluded Plaintiff Settlement Class members ever had relating to the NOI's issued by BMW FS and other related claims arising under Civil Code § 2983.2 or based upon any violation of any state or federal law, other statutory or common law related to the facts alleged in the complaint on behalf of the class, and (2) BMW FS, its parent, affiliated and/or subsidiary companies, and any of their present and former officers, inside and outside directors, attorneys, accountants, agents, representatives, employees, heirs, successors and assigns shall be forever released and discharged from any and all liability with respect to such claims.  This release also specifically includes a related class action recently filed by Plaintiff's Counsel in the Orange Superior Court entitled, *Persolve, LLC dba Account Resolution Associates v. Velia Serrano*, Case No. 30-2013-00629313-CL-CL-CJC, which shall be stayed upon execution of this Agreement and upon Final Approval be dismissed with prejudice by cross-complainant Serrano with respect to her individual claims and without prejudice as to any claims purported to be brought on behalf of a putative class.

　　　　　6.04　　The release provided in this Agreement is intended to be and shall be construed to constitute a full release of the factual claims alleged in the complaint on behalf of the class. It excludes any and all claims that are unrelated to and not based upon the factual allegations of the complaint on behalf of the class. With respect to the Representative Plaintiffs, the release provided in this Agreement is intended to be and shall be construed to be broad in scope and to include claims against BMW FS that are unrelated to and not based upon the factual allegations in the Complaint. For Plaintiff Settlement Class members other than the Representative

Plaintiffs, the release encompasses only those claims specifically identified as being released and excludes all and any other claims not so identified. With respect to the Representative Plaintiffs, the release provided in this Agreement is intended to be and shall be construed to be broad in scope, and to include claims that are unrelated to and not based upon the factual allegations of the Complaint.

6.05    BMW FS has sold the accounts and assigned the conditional sales contracts of certain Settlement Class members to various third parties and/or debt collectors, which have filed suit and/or initiated collection activities against some or all of the members of the Plaintiff Settlement Class for the purpose of obtaining Deficiency Balances from them. As part of this Settlement, BMW FS is obligated to repurchase each such Plaintiff Settlement Class member's accounts from these entities, and those entities have to immediately cease all collection activities on such accounts and dismiss any and all collection actions pending against members of the Plaintiff Settlement Class relating to such accounts on or before the close of business on June 1, 2013.

6.06    In consideration of the foregoing, the Settlement Class members hereby release all such third parties and/or debt collectors from liability for any and all claims arising directly from the defects in the NOIs alleged in the Complaint in this action. This limited release does not, however, extend to any claims against any such entity, its employees or its agents for improper conduct in connection with the collection, or attempted collection, of any debt.  Notwithstanding the foregoing, this release specifically includes a related class action recently filed by Plaintiff's Counsel in the Orange Superior Court entitled, *Persolve, LLC dba Account Resolution Associates v. Velia Serrano*, Case No. 30-2013-00629313-CL-CL-CJC, which shall be stayed upon execution of this Agreement and upon Final Approval be dismissed with prejudice, by cross-

complainant Serrano with respect to her individual claims and without prejudice as to any claims

purported to be brought on behalf of a putative class.

7.    <u>MISCELLANEOUS PROVISIONS</u>

7.01    This Agreement was entered only for purposes of settlement. If for any reason this

Agreement is not approved or does not become final, this Agreement and the Plaintiff Settlement

Class, and anything said or done pursuant to this Agreement, or as part of the negotiations

leading hereto, shall be null and void and shall not be used in this or any other proceeding for

any purpose.

7.02    Neither this Agreement nor any document referred to herein nor any action taken

to carry out this Agreement is, or may be construed as, or may be used as, an admission or

concession by or against BMW FS on any point of fact or law, or of any alleged fault,

wrongdoing, or liability whatsoever.

7.03    BMW FS shall not issue 1099 forms to class members for any relief provided in

this Agreement.

7.04    The Parties' Counsel shall use their best efforts to cause the Court to give

Preliminary Approval to this Agreement as promptly as practicable, to take all steps

contemplated by this Agreement to effectuate the settlement on the stated terms and conditions

and to obtain Final Approval of this Agreement.

7.05    This Agreement is intended to and shall be governed by the laws of the State of

California.

7.06    The terms and conditions set forth in this Agreement constitute the complete and

exclusive statement of the agreement between the Parties hereto relating to the subject matter of

this Agreement, superseding all previous negotiations and understandings, and may not be

contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend

that this Agreement constitutes the complete and exclusive statement of its terms as between the Parties hereto and that no extrinsic evidence whatsoever may be introduced in any judicial proceeding, if any, involving this Agreement.

7.07    Plaintiffs' Counsel, on behalf of the Representative Plaintiffs and the Plaintiff Settlement Class, are authorized by the Representative Plaintiffs to take all appropriate action required or permitted to be taken by the Plaintiff Settlement Class pursuant to this Agreement to effectuate its terms as the same pertains to the Plaintiff Settlement Class and is authorized to enter into any modifications or amendments to this Agreement on behalf of the Plaintiff Settlement Class which they deem appropriate and/or necessary.

7.08    The person signing this Agreement on behalf of BMW FS is authorized to sign this Agreement on behalf of BMW FS.

7.09    This Settlement Agreement embodies the entire agreement and understanding between the Parties hereto and supersedes all prior agreements and understandings relating to the subject matter hereof. No course of prior dealing between the Parties, no usage of the trade, and no extrinsic evidence of any nature shall be used or be relevant to supplement, explain or modify any term used herein. The parties represent and warrant to the other party that they are not relying on any other party for advice. This Settlement Agreement is a product of negotiation and preparation by and among each Party and their attorneys. Therefore, each party expressly waives the provisions of Civil Code 1654 and acknowledges and agrees that this Settlement Agreement should not be deemed prepared or drafted by one party or the other and shall be construed accordingly.

7.10    This Agreement shall be binding upon, and enure to the benefit of, the respective heirs, successors and assigns of the Parties hereto.

7.11    The waiver by one party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

7.12    This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

7.13    The Court shall retain jurisdiction over the interpretation, effectuation and implementation of this Agreement, and all orders entered in connection therewith and the Parties and their attorneys submit to the jurisdiction of the Court. In any proceeding or action to enforce the terms of this Settlement Agreement or the Court's orders, the prevailing party shall be entitled to recover their reasonable attorneys' fees, costs, and expenses.

7.14    The Parties stipulate and agree that Plaintiffs shall file an amended complaint in the Action adding Alvin Leung and Velia Serrano as named Plaintiffs.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**APPROVED AS TO FORM:**

CHAVEZ & GERTLER LLP

DATED: _____9/25_____, 2013        By: _____
                                           Mark A. Chavez

KEMNITZER, BARRON
& KRIEG, LLP

DATED: _____9/10_____, 2013        By: _____
                                           Bryan Kemnitzer

Attorneys for Plaintiffs
MOHAMMAD SALIMI, AUGUST GALARGA,
ALVIN LEUNG, AND VELIA SERRANO

19

JEFFER, MANGELS, BUTLER
& MITCHELL LLP

DATED: _____, 2013

By: _Michael J. Hassen_ /CHO
    Michael J. Hassen

Attorneys for Defendants
BMW FINANCIAL SERVICES LLC, ALPHERA
FINANCIAL SERVICES, MINI FINANCIAL
SERVICES, ROLLS-ROYCE MOTOR CARS
FINANCIAL SERVICES, ASSET ACQUISITION
GROUP, LLC

**AGREED TO AND ACCEPTED:**

DATED: _____, 2013

_____
Mohammad Salimi
Individually and as a
Representative of the Class

DATED: _Sept 12_, 2013

_August Galarga_
August Galarga
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
Alvin Leung
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
Velia Serrano
Individually and as a
Representative of the Class

20

JEFFER, MANGELS, BUTLER
& MITCHELL LLP

DATED: _____, 2013          By: _____

Michael J. Hassen

Attorneys for Defendants
BMW FINANCIAL SERVICES LLC, ALPHERA
FINANCIAL SERVICES, MINI FINANCIAL
SERVICES, ROLLS-ROYCE MOTOR CARS
FINANCIAL SERVICES, ASSET ACQUISITION
GROUP, LLC

**AGREED TO AND ACCEPTED:**

DATED: September 10, 2013          _____

Mohammad Salimi
Individually and as a
Representative of the Class

DATED: _____, 2013          _____

August Galarga
Individually and as a
Representative of the Class

DATED: _____, 2013          _____

Alvin Leung
Individually and as a
Representative of the Class

DATED: _____, 2013          _____

Velia Serrano
Individually and as a
Representative of the Class

20

JEFFER, MANGELS, BUTLER
& MITCHELL LLP

DATED: _____, 2013          By: _____
                                          Michael J. Hassen

                                       Attorneys for Defendants
                                       BMW FINANCIAL SERVICES LLC, ALPHERA
                                       FINANCIAL SERVICES, MINI FINANCIAL
                                       SERVICES, ROLLS-ROYCE MOTOR CARS
                                       FINANCIAL SERVICES, ASSET ACQUISITION
                                       GROUP, LLC

                                       AGREED TO AND ACCEPTED:

DATED: _____, 2013          _____
                                       Mohammad Salimi
                                       Individually and as a
                                       Representative of the Class

DATED: _____, 2013          _____
                                       August Galarga
                                       Individually and as a
                                       Representative of the Class

DATED: 9/12, 2013                    _____
                                       Alvin Leung
                                       Individually and as a
                                       Representative of the Class

DATED: _____, 2013          _____
                                       Velia Serrano
                                       Individually and as a
                                       Representative of the Class

20

JEFFER, MANGELS, BUTLER
& MITCHELL LLP

DATED: _____, 2013

By: _____
        Michael J. Hassen

Attorneys for Defendants
BMW FINANCIAL SERVICES LLC, ALPHERA
FINANCIAL SERVICES, MINI FINANCIAL
SERVICES, ROLLS-ROYCE MOTOR CARS
FINANCIAL SERVICES, ASSET ACQUISITION
GROUP, LLC

**AGREED TO AND ACCEPTED:**

DATED: _____, 2013

_____
Mohammad Salimi
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
August Galarga
Individually and as a
Representative of the Class

DATED: _____, 2013

_____
Alvin Leung
Individually and as a
Representative of the Class

DATED: 9/11/ , 2013

_____
Velia Serrano
Individually and as a
Representative of the Class

BMW FINANCIAL SERVICES NA, LLC

DATED: _9/19_, 2013

By: _____

Its: _Corporate Counsel_


ASSET ACQUISITION GROUP, LLC

DATED: _____, 2013

By: _____

Its: _____

21

BMW FINANCIAL SERVICES NA, LLC

DATED: _____, 2013          By: _____

                                   Its: _____


ASSET ACQUISITION GROUP, LLC

DATED: _9/19_, 2013          By: _Dona J Meier_
                             Its: _Manager_

21

EXHIBIT B

1

2

JEFFER MENGELS BUTLER & MITCHELL LLP

3

MICHAEL J. HASSEN          Bar No. 124823
mjh@jmbm.com

4

CHRISTOPHER H. DOYLE        Bar No. 190016
chd@jmbm.com

5

Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111-3813

6

Telephone:  (415) 398-8080
Facsimile:  (415) 398-5584

7

8

Attorneys for Defendants BMW FINANCIAL SERVICES NA, LLC, ALPHERA FINANCIAL
SERVICES, MINI FINANCIAL SERVICES, ROLLS-ROYCE MOTOR CARS FINANCIAL
SERVICES, ASSET ACQUISITION GROUP, LLC, and INVESTMENT RETRIEVERS, INC.

9

10

11

UNITED STATES DISTRICT COURT

12

NORTHERN DISTRICT OF CALIFORNIA

13

OAKLAND DIVISION

14

15

MOHAMMAD SALIMI; AUGUSTO
GALARAGA; AND ALVIN LEUNG

**Case No. C12-01754 JSW**

16

PLAINTIFFS,

CLASS ACTION

17

VS.

**DECLARATION CHRIS CHADWICK**

18

BMW FINANCIAL SERVICES NA, LLC;

**IN SUPPORT OF MOTION FOR AN
ORDER PRELIMINARILY
CERTIFYING A SETTLEMENT CLASS
AND PRELIMINARLY APPROVING A
SETTLEMENT**

19

ALPHERA FINANCIAL SERVICES; MINI
FINANCIAL SERVICES; ROLLS-ROYCE
MOTOR CARS FINANCIAL SERVICES;

20

ASSET ACQUISITION GROUP, LLC;
INVESTMENT RETRIEVERS, INC.; AND

21

DOES 1-50, INCLUSIVE,

Unlimited Civil Case

22

DEFENDANTS

23

_____/

24

25

I, Chris Chadwick, declare:

26

1.     I am Manager, Recovery Processing of Defendant BMW FINANCIAL SERVICES NA,

27

LLC. I have personal knowledge of the facts stated herein, and if called as a witness, could

28

testify competently to the truth of these facts.

2.     In my position as Manager, Recovery Processing, I have access to BMW FINANCIAL SERVICES NA, LLC's databases containing repossession dates, including the mailing dates of Notices of Intent to Dispose of Motor Vehicle ("NOI") sent following vehicle repossessions, and related deficiency balance and payment information.

3.     Financial data concerning BMW FINANCIAL SERVICES NA, LLC's customer accounts is collected, stored, and maintained in electronic format in an internal database. Financial data of BMW FINANCIAL SERVICES NA, LLC California customers is maintained on the database and can be searched using defined search criteria ("query").

4.     I also directed members of BMW FINANCIAL SERVICES NA, LLC to draft the appropriate queries necessary to identify the BMW FINANCIAL SERVICES NA, LLC California customers that fall within the following class definition:

The class is composed of all persons:

(1)     who purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*;

(2)     whose motor vehicle was repossessed or voluntarily surrendered;

(3)     who was issued an NOI by BMW FINANCIAL SERVICES NA, LLC, ALPHERA FINANCIAL SERVICES, MINI FINANCIAL SERVICES, or ROLLS ROYCE MOTORCAR FINANCIAL SERVICES at any time from September 6, 2008 to January 15, 2013; and

(4)     against whose account a deficiency balance was assessed.

The database was searched over the course of several months in accordance with the parameters of the class definition set forth above, and produced the following information, last updated June 18, 2013:

2

(a)  There are 5178 individuals who meet the criteria definition of the proposed class,

(b)  of those individuals, 636 have paid all or a portion of the deficiency balance to BMW FINANCIAL SERVICES NA, LLC,

(c)  BMW FINANCIAL SERVICES NA, LLC collected approximately $2,088,202.43 on deficiency balances of $3,698,334.61 from those individuals,

(d)  The total amount owed to BMW FINANCIAL SERVICES NA, LLC by these proposed class members, i.e. the outstanding deficiency is $50,924,483.33.

5.      BMW FINANCIAL SERVICES NA, LLC sold or transferred to third parties 763 class member accounts after deficiencies were assessed.

6.      BMW FINANCIAL SERVICES NA, LLC has repurchased all of the accounts it sold and reacquired all of the accounts it transferred to third parties.  BMW FINANCIAL SERVICES NA, LLC has determined that 56 class members paid $154,221.79 on all such accounts.

7.      BMW FINANCIAL SERVICES NA, LLC stopped sending the Post Repossession Worksheet attached as **Exhibit 1** in July 2012.  BMW FINANCIAL SERVICES NA, LLC ceased all collection activities on the individuals identified as class members in paragraph 5 above.

8.      In sum, BMW FINANCIAL SERVICES NA, LLC determined the class statistical information regarding the number of class members, the total deficiencies, and the amounts collected on each of the class member accounts.

9.      I contacted the entities that purchased the deficiency accounts and informed them that BMW FINANCIAL SERVICES NA, LLC would be repurchasing all of the accounts. I asked the entities to provide me with the total amount of deficiencies collected from each class member.

10.     Each entity electronically transferred me the information regarding amounts collected from each class member.

1
2          I declare under penalty of perjury under the laws of the State of California that the
3   foregoing is true and correct and this declaration is executed 27TH June, 2013, in Hilliard, Ohio.
4
5
6                                                  By: _____
7                                                      Chris Chadwick
8                                                      Manager, Recovery Processing
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BMW Financial Services**
**Post Repossession Worksheet**



Please fill out this form completely. Please sign and fax this form back to (866) 280-3510 ATTN: REPOSSESSION UNIT, along with your current insurance policy's declaration page and proof of income from the year in which you financed the car. All documents must be received before we will review your account for reinstatement. Examples of proof of income include, W2, tax returns, or pay stubs. Please call our office (1-800-390-3028) after 48 hours of remitting this form and your insurance and income information.

Account Number: 1000712705

**Main Signer**

Name: Mohammad Ali Salimi

**RESIDENTIAL INFORMATION**

Street: 10530 Wilshire Blvd #404   City: Los Angeles   State: CA   Zip: 90024
Residence Phone: 574-933-3384   Cell Number: ___   E-mail: ali@alisalimi.com

**EMPLOYMENT INFORMATION**

Employer: Lawyer Wood-Passage   Employment Phone: 310-145-2678   Pager Number: ___
Street: 35 E. Vahn Jr. Pasadena, CA   City: PASADENA   State: CA   Zip: 91102

**Additional Signer**

Name: ___

**RESIDENTIAL INFORMATION**

Street: ___   City: ___   State: ___   Zip: ___
Residence Phone: ___   Cell Number: ___   E-mail: ___

**EMPLOYMENT INFORMATION**

Employer: ___   Employment Number: ___   Pager Number: ___
Street: ___   City: ___   State: ___   Zip: ___

**INSURANCE INFORMATION**

Insurance Company: Geico   Phone: 800-841-3000
Agent Name: ___   Agent Phone: ___
Policy #: 4084-35-57-97   Effective Dates: 7-28-08 to 8-28-09

**PERSONAL REFERENCES**

Name: Nese Salge Qi   Address: 149 Laurel Dr #404 Att, LA 30326   Phone: 770-229-4525
Name: Jamal Kim   Address: 10430 Wilshire Blvd #500 LA CA 90055   Phone: 310-277-2940
Name: Jim Davari   Address: 1232 McSkerland Dr PR2 LA CA 90055   Phone: 408-354-3056

**VEHICLE INFORMATION**

Make: BMW   Model: 325i   Color: Black
Estimated Mileage: 57,000   Replacement Consent? (Y) or N   Plate: ___
Main Signer: _signature_   Date: 3/13/09
Additional Signer: ___   Date: ___

Post Repossession Worksheet   8/26/2008

EXHIBIT 1

EXHIBIT C

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOHAMMAD SALIMI; AUGUST GALARAGA, ALVIN LEUNG, and VELIA SERRANO<br><br>             Plaintiffs,<br>   vs.<br><br>BMW FINANCIAL SERVICES NA, LLC; ALPHERA FINANCIAL SERVICES; MINI FINANCIAL SERVICES; ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES; ASSET ACQUISITION GROUP, LLC; INVESTMENT RETRIEVERS, INC.; and DOES 1-50, inclusive,<br><br>             Defendants | Case No. 4:12-cv-01754 -JSW<br> AMENDED<br>[~~PROPOSED~~] FINAL ORDER AND JUDGMENT<br><br>Date:  February 6, 2015<br>Time:  9:00 a.m.<br>Dept:   Courtroom 5, 2nd Floor<br>Hon. Jeffrey S. White |

1

THIS MATTER HAVING come before the Court for a hearing on February 6, 2015 pursuant to the motion filed to determine whether the Settlement Agreement between the named Plaintiffs ("Plaintiffs"), MOHAMMAD SALIMI, AUGUST GALARAGA, and ALVIN LEUNG, individually and on behalf of the proposed Settlement Class ("Class"), and Defendants BMW FINANCIAL SERVICES NA, LLC, ALPHERA FINANCIAL SERVICES, MINI FINANCIAL SERVICES, ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, INVESTMENT RETRIEVERS, INC, and ASSET ACQUISITION GROUP, LLC, (collectively "BMW FINANCIAL SERVICES") is fair and reasonable and should be approved as being in the best interests of the Class, and for the purpose of determining attorneys' fees and costs to be awarded, Notice of the hearing, the Settlement and application for attorneys' fees and reimbursement of expenses having been given pursuant to the Settlement and as set forth in this Court's Preliminary Approval Order of September 29, 2014 and Proof of Notice having been filed with the Court, all persons present or represented at the hearing, who were entitled to be heard pursuant to the Notice, having been given an opportunity to be heard, Counsel for the parties having appeared in support of the Settlement, and The Court having considered all documents filed in support of the Settlement and fully considered all matters raised, all exhibits and affidavits filed and all evidence received at the hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court,

**IT IS ORDERED, ADJUDGED AND DECREED** on this 6th day of February, 2015, that:

This Final Judgment incorporates the Settlement Agreement, and the capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class as that term is defined herein.

This Court certifies this action, for settlement purposes only, as a Class Action.

The following Settlement Class, provisionally certified by the Court in its Order dated September 29, 2014, is hereby certified under Federal Rule of Civil Procedure 23 for settlement purposes only, and is hereinafter referred to as the "Class":

The phrase "Settlement Class" is defined as all persons who:

(a)    who purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code § 2981, *et seq.*;

(b)    whose motor vehicle was repossessed or voluntarily surrendered;

(c)    who were sent a Statutory Notice by BMW FINANCIAL SERVICES NA, LLC, ALPHERA FINANCIAL SERVICES, MINI FINANCIAL SERVICES, or ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, at any time between September 6, 2008 and January 15, 2013; and

(d)    against whose account a deficiency balance was assessed.

The "Settlement Class" excludes persons:

(a)    who filed for bankruptcy on or before January 15, 2013,

(b)    all deceased persons,

(c)    persons against whom BMW FINANCIAL SERVICES had obtained a judgment on or before January 15, 2013,

(d)    persons who have signed a release, and

(e)    out of state contacts or repossessions.

This Court finds on the record before it that the Class meets the requirements for class certification for settlement purposes as the Class is so numerous that joinder of all members is impracticable.

This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as questions of law or fact common to the issues to be reviewed in connection with the Settlement predominate over the questions affecting only individual members for the purpose of implementing the Settlement in accordance with the Settlement Agreement.

This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as Plaintiffs' claims are typical of the claims of the Class as a

3

1    whole.

2       This Court finds on the record before it, that the Class meets the requirements for class

3   certification for settlement purposes as Plaintiffs and their Class Counsel have adequately

4   represented and will continue to adequately represent and protect the interests of the Class.

5       This Court finds on the record before it that the Class is appropriate for certification for

6   settlement purposes as certification of the Class for settlement purposes only by this Court in this

7   action is superior to other available methods for the fair and efficient adjudication of the issues

8   before this Court at this time.  Manageability issues do not prevent certification here because there

9   will be no trial.

10      The individual Notice by mail, given to each member of the Class at updated mailing

11   addresses, constitutes the best notice practicable and is in full compliance with the requirements of

12   Federal Rules of Civil Procedure and due process of law.

13      This Court finds that the Settlement and the Settlement Agreement are the product of arm's

14   length negotiations between the parties and that the terms thereof are fair, reasonable, adequate, and

15   in the best interests of the Class and are therefore approved and incorporated herein by the Court.

16      The Settlement and Settlement Agreement should be implemented and consummated in

17   accordance with the terms of the Settlement Agreement.  To the extent already implemented by the

18   parties, such implementation is hereby approved and ratified by the Court.

19      Upon the Effective Date of Settlement, Plaintiffs and all Settlement Class Members and

20   their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be

21   deemed to have jointly and severally released and forever discharged BMW FINANCIAL

22   SERVICES from any and all Released Claims as that term is defined in the Settlement Agreement.

23      Settlement Class Members expressly waive and relinquish any and all rights and benefits

24   which they may have under, or which may be conferred upon them by, the provisions of §1542 of

25   the Civil Code, as set forth in the Settlement Agreement.

26      The terms of the Agreement and this Judgment shall be forever binding on, and shall have

27   *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or

28   maintained by or on behalf of any Class Members.  This Court hereby bars and enjoins: (i) All

4

1    Class Members, and all persons acting on behalf of, or in concert or participation with, such Class

2    Members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in

3    any jurisdiction on behalf of any Class Member, based upon or asserting any of the Released

4    Claims; and (ii) All Class Members, and all persons acting on behalf of or in concert or

5    participation with such Class Members, from bringing a class action on behalf of Class Members or

6    seeking to certify a class which includes such Class Members, in any lawsuit based upon or

7    asserting any of the Released Claims.

8         Attached to this Judgment as **Exhibit 1** is a true and correct list of all Class Members who

9    timely submitted Requests for Exclusion. No Class Members, other than those listed in Exhibit 1,

10    are excluded from the Class, or from the effect of this Judgment.

11         It is expressly determined that there is no just reason for delay and the entry of this

12    Judgment expressly is hereby directed. In the event that this Judgment is appealed, its mandate will

13    automatically be stayed until and unless the Judgment is affirmed in its entirety by the court of last

14    resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to

15    further appeal or review.

16         This Final Order and Judgment is final for purposes of appeal and may be appealed, and the

17    Clerk is hereby directed to enter Judgment thereon.

18         Attorneys' fees and reimbursement of expenses to counsel for the Class in the amount of

19    $ 360,000.00 ~~428,xx1x05,x,x33~~, plus an incentive payment of $3,500.00 to MOHAMMAD SALIMI,

20    AUGUSTO GALARAGA and VELIA SERRANO each, and an incentive payment of $1,000.00 to

21    ALVIN LEUNG is hereby approved as fair and reasonable and BMW FINANCIAL SERVICES

22    shall make such payments in accordance with the terms of the Settlement Agreement.

23         Any and all objections to the Settlement and the Settlement Agreement are overruled as

24    being without merit.

25         In the event that the Settlement does not become effective in accordance with the terms of

26    the Settlement Agreement, then this Judgment shall be rendered null and void and be vacated and

27    the Settlement Agreement and all orders entered in connection therewith shall be rendered null and

28    void.

The Parties are directed to carry out their obligations under the Settlement Agreement.

The Court finds as a matter of state law, that the NOI issued to the Class did not strictly comply with California law, Civil Code §2983.2, and BMW FINANCIAL SERVICES is barred by state law from collecting deficiency balances from the Class.

Consistent with IRS PLR Number 200212004, BMW FS is not required to issue 1099-Cs to any class members and is not subject to the reporting requirements of Internal Revenue Code section 6050P.

Jurisdiction is hereby reserved by this Court to assure compliance with all terms of this Settlement, in accordance with the Settlement Agreement and this Order.

Class Counsel shall serve a copy of this Order on all named parties or their counsel within seven (7) days of receipt.

**SO ORDERED**

Dated: February 6, 2015

20

_____
HON. JEFFREY S. WHITE

## EXHIBIT 1
### Class Members who timely submitted Requests for Exclusion

NONE

EXHIBIT D

ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER    Bar No. 066401
NANCY BARRON       Bar No. 099278
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

Attorneys for Plaintiff
MEMORY APOSTOL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMORY APOSTOL,<br><br>    Plaintiff,<br><br>    vs.<br><br>BMW FINANCIAL SERVICES NA, LLC, A Delaware Corporation, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 4:15-cv-5137 JSW<br><br>**JOINT RULE 26 REPORT** |

The parties to the above-entitled action jointly submit this JOINT CASE

MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of

the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. stemming from defendant's failure to properly investigate her credit reporting dispute. Accordingly, subject matter jurisdiction is proper in federal court.

Plaintiff states that no issues exist concerning personal jurisdiction or the propriety of venue. The defendants do regular business in the Northern District of California and are subject to jurisdiction here. The complaint alleges that BMW failed to include plaintiff in the class list in the matter of *Salimi v. BMW Financial Services NA, LLC,* Northern District of California Case number 3:12-CV-1754 JSW.

Defendant states that this case is related to *Salimi*, in which this Court granted preliminary and then final approval to a class action settlement. Plaintiff alleges that she is a member of the class in *Salimi*. Accordingly, this Court has jurisdiction over the matter and is the proper venue to enforce compliance with its prior order and judgment.

2. **Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

A. Plaintiff's Statement

This is an action for violations of the Fair Credit Reporting Act, and California Consumer Credit Reporting Agencies Act. Plaintiff's credit reporting damages are related to BMW Financial's breach of the settlement agreement in Salimi v. BMW Financial Services NA, LLC, Northern District of California, Case number 3:12-CV-1754 JSW. The settlement and judgment in Salimi provided that

1

all class members' debt to BMW Financial, an auto lender, was extinguished. Furthermore, the judgment provided that BMW would update its credit reporting tradeline as to all class members to reflect a zero balance on the affected accounts.

BMW Financial did not include plaintiff on the class list, and did not give plaintiff notice of the class action. BMW Financial continued credit reporting a $10,000 loan balance as to plaintiff's auto account, and a derogatory charge-off notation, both of which stayed on plaintiff's credit reports after the judgment was entered in February, 2015. Plaintiff discovered the existence of the <u>Salimi</u> matter in 2015, and sent a written dispute to the credit reporting agencies, asking them to delete BMW's credit reporting tradeline. The credit reporting agencies then contacted BMW Financial, who did not adjust plaintiff's credit reporting tradeline as provided in <u>Salimi</u>, but verified that its credit reporting (which showed the $10,000 balance and the charge-off) was correct. Only after being sued in this case does BMW claim to have finally fixed plaintiff's credit reports, which plaintiff has not yet verified as true.

The judgment in <u>Salimi</u> clearly included Ms. Apostol in the class definition, and she should have been included in the class list. Defendant's counsel explained that Apostol was not included in the class list in <u>Salimi</u> for two reasons: (1) the alleged "intent" of the class settlement was not to include borrowers who were denied reinstatement, and Ms. Apostol was not granted the right to reinstate; and (2) BMW did not include Ms. Apostol because it had determined that it would not be able to collect any money from Ms. Apostol, leaving her and other borrowers who also fell into this category off the class list. Plaintiff alleges that neither of these "reasons" has anything to do with the black and white language of the class settlement and judgment, and that if BMW did leave out consumers from the class list based on these criteria, it grossly violated the <u>Salimi</u> settlement and judgment.

Contrary to defendant's position, plaintiff is not limited to alleging a breach of the court's judgment, but also has valid claims for violations of the FCRA and

California Consumer Credit Reporting Agencies Act. Having failed to give plaintiff notice of the class action or include her on the class list, BMW Financial cannot now invoke the settlement agreement or release as obstacles to a full damage recovery under the credit reporting laws. Furthermore, BMW Financial's reliance on paragraph 4.01 of the settlement agreement as imposing an alleged obligation on plaintiff to pre-notify BMW of improper credit reporting before suing, is mistaken. Putting aside the fact that plaintiff was never sent notice of the class action, that section merely provides that if BMW's initial request to the credit reporting agencies to update a class member's file is not honored by the agencies, class counsel could make a request for "reinstruction" to BMW. In plaintiff's case, BMW never made any request at all to the credit reporting agencies, and so the provisions on "reinstruction" to the credit reporting agencies therefore do not apply. The paragraph deals with the situation where the credit reporting agencies do not honor a valid initial request for updating by BMW, not the situation where BMW fails altogether to instruct the agencies to change its credit reporting.

B. Defendant's Statement

Defendant agrees with part of Plaintiff's statement of the case. At bottom, Plaintiff's complaint is that she is a member of the *Salimi* class but did not receive the benefits to be provided to class members.

The *Salimi* settlement – Case No. 3:12-cv-01754-JSW, Docket Entry 60-1 ("the Settlement Agreement") – provided three possible benefits to class. First, Defendant would return to class members any payments on deficiency balances received from any particular class member after that class member had received the allegedly deficient Notice of Intent to Sell ("NOI"). *See* Settlement Agreement, ¶¶ 3.01-3.02. Plaintiff did not make any such payments, nor does she allege that she made any such payments, so she was not entitled to this aspect of the relief afforded by the Settlement Agreement.

Second, Defendant would agree not to pursue any further collection efforts against class members. *See* Settlement Agreement, ¶ 3.04. Defendant has not pursued any collection efforts against Plaintiff subsequent to this Court's order and judgment approving the Settlement Agreement, nor does Plaintiff allege otherwise. Accordingly, Plaintiff received this aspect of the relief afforded by the Settlement Agreement.

Third, Defendant "shall transmit requests to the three major credit reporting agencies, Experian, Trans Union and Equifax, asking them to ***update the trade line*** on the credit reports pertaining to members of the Plaintiff Settlement Class to reflect that their BMW FS accounts have a zero balance and have been settled. BMW FS shall not, in the future, change its credit reporting for a Plaintiff Settlement Class member to report something other than a zero balance and that the account was settled." *See* Settlement Agreement, ¶ 4.01 (italics added). At most, Plaintiff was entitled to this aspect of the relief afforded by the Settlement Agreement. Moreover, the "penalty" for a failure to instruct the credit reporting agencies in this regard, or for any credit reporting agency's failure to follow this instruction, is for Class Counsel to notify Defendant "in the manner set forth below that an account is being reported differently" following which Defendant "shall separately instruct the credit reporting agencies to report such accounts as having a zero balance and settled." *Id.*

Plaintiff here did not contact her attorneys – Class Counsel – as required by the agreement but, rather, contacted the credit reporting agencies and requested "that they delete [Defendant's] tradeline on plaintiff's credit reports." Complaint, at 2:18-20. When they refused to do so, she filed this lawsuit against Defendant alleging violations of the Fair Credit Reporting Act and of the Unfair Competition Law ***because of Defendant's alleged failure "to request deletion of its entire tradeline on [Plaintiff's] credit reports."*** *Id.*, at 1:26-27 (italics added).

Put simply, Plaintiff is not entitled to the relief she seeks. The Settlement Agreement references the term "trade line" in only one location, Paragraph 4.01, where it states (as noted above) that the class members' credit reports shall be "***updated***" – not ***deleted***. The difference is profound. In the one instance, future prospective creditors learn that a class member owed money to Defendant and failed to make payments on that debt, but the account is now deemed settled. In the latter instances, future prospective creditors are affirmatively misled into believing that a class member is a better borrower risk than they really are. The Settlement Agreement, consistent with Rees-Levering, required only that Defendant cease collection efforts and return monies collected after the allegedly deficient NOI had been sent to class members; it did ***not*** require Defendant to misrepresent the creditworthiness of class members to future prospective creditors, which would itself be a violation of the FCRA.

Based on the express terms of the Settlement Agreement, and this Court's order and judgment approving the Settlement Agreement, Plaintiff is not entitled to any additional relief and this matter should be dismissed.

3. **Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

A. Plaintiff's Statement

Defendant violated the Fair Credit Reporting Act as a result of its failure to properly investigate plaintiff's dispute, and update its credit reporting. The obligations of furnishers of credit reporting data are contained at 15 U.S.C. § 1681s-2(b), and require the furnisher to (1) conduct a reasonable investigation with respect to the disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) promptly modify, delete, or permanently block the disputed information, after determining it is incomplete or inaccurate.

BMW did not do any "reasonable investigation" in response to plaintiff's September, 2015 dispute. It did not "modify" its credit reporting to reflect a zero balance and no charge-off. It continued to report that plaintiff owed a debt of $10,000. The result is that BMW violated the FCRA and is liable for damages and (unlimited) punitive damages.

Plaintiff also alleges that BMW's credit reporting of her account violated the California Consumer Credit Reporting Agencies Act (CCRAA) at Civil Code § 1785.25(a), which prohibits a furnisher from reporting information it knows or should know is inaccurate, on a consumer's credit report. The CCRAA claim is different from the FCRA claim. It does not require any dispute, as does the FCRA, but only that the furnisher of information has reason to know its reporting was inaccurate and continued reporting. Here, BMW knew at least from the entry of judgment in February, 2015 that its reporting was inaccurate. Thus, at least from February, 2015 through February, 2016, BMW knowingly reported information about plaintiff that was improper and inaccurate. The CCRAA penalty for willful conduct is $5,000 *per violation*, and plaintiff views each separate month of credit reporting by BMW from 2015-2016, to be a separate violation.

B. Defendant's Statement

Defendant's position is that at the time it last reported Plaintiff's account status (prior to January 22, 2016), its report was 100% accurate. Plaintiff had a debt that she owed Defendant and she defaulted on that debt. Following this Court's order and judgment approving the *Salimi* class action settlement, Plaintiff was entitled only to the cessation of collection efforts by Defendant (which she does not deny occurred), and the ***updating*** of her credit report which, if not done, is to be followed by notice from Class Counsel and the reinstruction of the credit reporting agencies, which was done on January 22, 2016. As explained above, the express terms of the Settlement Agreement do ***not*** require ***deletion*** of the trade line; the

continuation of this lawsuit serves only to waste judicial resources and needlessly run up attorney fees.

Moreover, as fully set forth in Defendant's Motion to Dismiss, this Court has continuing jurisdiction over issues concerning compliance with its Order and Judgment approving the *Salimi* class action settlement. Plaintiff admits she is a member of the *Salimi* class and that the basis of her lawsuit is Defendant's alleged failure to comply with the terms of the settlement by failure to give her the notice and benefits to which she was entitled as a member of the class. Accordingly, her relief, if any, must be brought to this Court in the *Salimi* action either for relief from the Judgment or for an extension of time within which to opt out of the settlement. She is not, however, entitled to bring a new lawsuit based on the alleged breach of the *Salimi* settlement agreement.

At bottom, Plaintiff wants to have her cake and eat it, too. She wants to use the *Salimi* lawsuit and her membership in the class for the purpose of establishing a Rees-Levering violation of the NOI Defendant sent to her, but she wishes to be treated as outside the class for purposes of the relief that she seeks. She cannot have it both ways. If she is not a member of the class, then there has been no adjudication as to the validity of her NOI. And she her Complaint admits, under Rule 11, that she is a member of the *Salimi* class, then she cannot ignore that her relief is limited to seeking relief from this Court ***in the Salimi action*** to compel compliance therewith.

4. **Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

Defendant has filed a motion to dismiss. Plaintiff intends to file a First Amended Complaint which will moot the motion to dismiss. Defendant asserts that any proposed amendment would be futile because, having admitted in her Complaint and subject to Rule 11 that she is a member of the *Salimi* class, she cannot by amendment remove herself from the class. Thus, under any version of

her Complaint, she is a member of the *Salimi* class allegedly damaged by Defendant's purported failure to comply with the terms of the Order and Judgment entered therein, and her remedy is limited to seeking relief from this Court pursuant to its continuing jurisdiction over the parties and the settlement to ensure compliance with the terms thereof. Plaintiff disagrees, and sees no barrier to alleging credit reporting law violations based on BMW's non-compliance with the court's order, which commanded BMW to amend its credit reporting as to Ms. Apostol.

5. **Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff intends to file a First Amended Complaint. Plaintiff has the statutory right to amend once without leave of court or defendant's agreement, pursuant to FRCP 15.

Defendant will oppose any proposed amendments as inconsistent with this Court's order and judgment approving the *Salimi* settlement.

6. **Evidence Preservation**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the ESI Guidelines and, to the extent applicable to this case, will preserve evidence reasonably related to this action.

7. **Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Defendant states it has served its initial disclosures. Plaintiff proposes that initial disclosures be made within two weeks of the scheduling conference.

8. **Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

There has been no discovery to date.

Plaintiff will conduct discovery, among other things, concerning how BMW determined to keep Apostol off the class list, whether other consumers in the <u>Salimi</u> matter should have been on that class list but were not included, and BMW's investigation in response to plaintiff's credit reporting dispute.

Defendant asserts that discovery is wholly unnecessary and would serve solely to harass Defendant and needlessly running up attorney fees. Defendant requests any discovery be stayed pending a ruling on the motion to dismiss.

The case does not present unusual discovery issues, and therefore the limitations of the FRCP do not need to be modified, and the parties have not considered entering into a special e-order regarding discovery. The parties have not formulated a specific discovery plan, other than to proceed with document demands, interrogatories, and depositions as per the FRCP.

9. **Class Actions**

*If a class action, a proposal for how and when the class will be certified.*

This is not a class action. However, this action will certainly raise issues of compliance with the judgment in the <u>Salimi</u> matter. It is anticipated that counsel in <u>Salimi</u> will make an appearance in that matter, and will request a compliance hearing regarding the class action, which may be coordinated with proceedings in this case.

Defendant asserts that Plaintiff's professed effort to make a proverbial mountain out of a molehill should be rejected.

10. **Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

As explained above, this case is related to <u>*Salimi v. BMW Financial Services NA, LLC,*</u> Northern District of California Case number 3:12-CV-1754 JSW.

11. **Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff states she will seek the following relief:

• Actual damages, including credit reputation damages and emotional distress.

• Punitive damages under the FCRA and CCRAA.

• Plaintiff's reasonable attorneys fees and costs related to this action.

Defendant asserts that Plaintiff is not entitled to the relief listed above. The gravamen of her Complaint is that she is a member of the *Salimi* class and that Defendant has "flaunted" the Court's Order and Judgment entered therein. As such, her relief is limited to the relief afforded other class members. Plaintiff responds that the class settlement cannot operate to limit or release plaintiff's claims, since BMW did not include her on the class list or give her class notice. Moreover, there is nothing in the *Salimi* settlement limiting remedies for breach only to contempt proceedings in the original action. Defendant answers that such a position renders meaningless the express provision that this Court retains continuing jurisdiction in *Salimi* over the parties to ensure compliance with its Order and Judgment, and the terms of the settlement therein.

12. **Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have discussed the prospects for early resolution of this matter, but have not come to a resolution, and have not yet participated in ADR.

The parties select private mediation as their ADR option. The parties will submit their ADR selection and forms to the ADR department, before the scheduling conference.

13. **Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* _____ YES _____ NO

Not all parties consent to use a Magistrate Judge for all purposes.

14. **Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Not applicable.

15. **Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties believe that no special ordering of evidence at trial will be necessary. As to summaries or stipulated facts, the parties will meet and confer regarding stipulated facts after discovery is complete. The parties have no requests to bifurcate issues, claims, or defenses.

16. **Expedited Trial Procedure**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a*

*Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Not applicable.

17. **Scheduling**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| | |
|---|---|
| Last day to amend pleadings or add parties: | 10/28/16 |
| Non-expert discovery cutoff: | 2/15/17 |
| Expert disclosures: | 3/1/17 |
| Rebuttal expert disclosures: | 3/15/17 |
| Expert discovery cutoff: | 4/15/17 |
| Motion cutoff – last date to hear motions:[1] | 5/15/17 |
| Last day to complete private mediation: | 3/15/17 |
| Final Pre-Trial Conference: | 5/31/17 |
| Trial: | 6/15/17 |

18**. Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff requests a jury trial on her statutory credit reporting claims, and anticipates a 3-4 day jury trial.

Defendant asserts that this matter involves but one issue – compliance with the Court's order and judgment – and that it is, accordingly, solely a matter for the Court to resolve. This will likely be accomplished by motion, but if a trial is necessary then it will be a short cause.

19. **Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case*

---

[1] Except for Motions in Limine which shall heard at the Pre-Trial Conference.

*management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff states that the interested parties known to plaintiff are Memory Apostol, and BMW Financial Services NA, LLC.

Defendant filed its Certificate of Interested Entities or Persons in advance of the Initial Status Conference in conjunction with its motion to dismiss.

20. **Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Counsel of record have reviewed the Guidelines.

Dated:    February 4, 2015    TRUEBLOOD LAW FIRM


*/s/Alexander Trueblood*

Alexander Trueblood

Attorney for Plaintiff Memory Apostol


Dated:    February 4, 2015    JEFFER MANGELS BUTLER & MITCHELL


*/s/ Michael J. Hassen*

Michael J. Hassen

Attorneys for Defendant BMW Financial Services NA, LLC

# EXHIBIT E





1   JEFFER MANGELS BUTLER & MITCHELL LLP
    MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
2   Two Embarcadero Center, Fifth Floor
    San Francisco, California 94111-3813
3   Telephone:    (415) 398-8080
    Facsimile:     (415) 398-5584
4
    Attorneys for Defendant BMW FINANCIAL SERVICES NA.,
5   LLC

6

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                              OAKLAND DIVISION

11   MOHAMMAD SALIMI; AUGUST              CASE NO.   4:12-cv-1765 JSW
     GALARAGA, ALVIN LEUNG, AND VELIA
12   SERRANO,
                                          RESPONSES TO PLAINTIFFS' SECOND SET OF
13              Plaintiffs,               SPECIAL INTERROGATORIES TO DEFENDANT
                                          BMW FINANCIAL SERVICES NA, LLC
14        v.
                                          Courtroom:  5, Second Floor
15   BMW FINANCIAL SERVICES, NA, LLC;     Judge:      Honorable Jeffrey S. White
     ASSET ACQUISITION GROUP, LLC
16
                Defendants.
17

18              Responding Party BMW FINANCIAL SERVICES NA, LLC ("Responding Party"

19   or "BMW FS"), pursuant to the provisions of Federal Rule of Civil Procedure 33, hereby responds

20   to the Second Set of Special Interrogatories propounded by Plaintiffs MOHAMMAD SALIMI,

21   AUGUST GALARAGA, ALVIN LEUNG, and VELIA SERRANO ("Plaintiffs" or "Propounding

22   Parties"), as follows:

23

24                   **RESPONSES TO SPECIAL INTERROGATORIES**

25   SPECIAL INTERROGATORY NO. 21:

26              Explain in detail to why BMW FINANCIAL SERVICES, NA, LLC did not identify

27   MEMORY APOSTOL as a CLASS MEMBER in *Salimi v. BMW Financial, NA, LLC*, U.S. District

28   Court, Northern District of California, Case No. C12-cv-1754 JSW.

RESPONSE TO SPECIAL INTERROGATORY NO. 21:

The *Salimi* lawsuit centered around consumers who received a Post-Repossession Worksheet ("PRW") along with the Notice of Intent to Sell ("NOI").  This is confirmed by documentation in that case, including but not limited to the *Salimi* complaint, the mediation brief filed in *Salimi*, and Plaintiffs' motions for preliminary and final approval.

In the words of Class Counsel, "BMW FS also required class members who tried to reinstate their loans to complete a "Post Repossession Worksheet" that required disclosure of a variety of personal information including the name and address of personal references, contact information for their employer, and financial information."  Pl. Mtn. for Final App., at 5:7-10.

Memory Apostol did not receive a PRW, so she was not a class member.

SPECIAL INTERROGATORY NO. 22:

State the number of CLASS MEMBERS that were within the class definition but BMW FINANCIAL SERVICES, NA, LLC failed to provide relief.

RESPONSE TO SPECIAL INTERROGATORY NO. 22:

None.  All *Salimi* class members – that is, individuals who received a PRW – were provided notice and the relief afforded by the settlement.

There were a total of 185 consumers who did not receive a PRW within the *Salimi* class period and were therefore not part of the *Salimi* class.

SPECIAL INTERROGATORY NO. 23:

Set forth the number of CLASS MEMBERS that BMW FINANCIAL SERVICES, NA, LLC determined were not entitled to reinstatement and were not provided relief by BMW FINANCIAL SERVICES, NA, LLC.

RESPONSE TO SPECIAL INTERROGATORY NO. 23:

*See* Response to Special Interrogatory No. 22.

SPECIAL INTERROGATORY NO. 24:

Set forth the number of CLASS MEMBERS whose accounts were "charged off" by BMW FINANCIAL SERVICES, NA, LLC and were not provided relief by BMW FINANCIAL SERVICES, NA, LLC.

1  RESPONSE TO SPECIAL INTERROGATORY NO. 24:

2       Whether an account was "charged off" was irrelevant to Defendants' determination

3  of membership in the *Salimi* class.  If a consumer received a PRW within the *Salimi* class period

4  then they were included in the *Salimi* class unless the consumer otherwise fell within one of the

5  specifically enumerated exceptions to class membership.

6  SPECIAL INTERROGATORY NO. 25:

7       State the amount collected by BMW FINANCIAL SERVICES, NA, LLC from the

8  CLASS MEMBERS identified in response to interrogatories no. 22, 23, and 24.

9  RESPONSE TO SPECIAL INTERROGATORY NO. 25:

10      No additional amounts were collected from members of the *Salimi* class.

11      A total of $124,482.75 was collected from consumers who did not receive a PRW

12 within the *Salimi* class period and were therefore not part of the *Salimi* class.

13 SPECIAL INTERROGATORY NO. 26:

14      State the amount of DEFICIENCIES outstanding for CLASS MEMBERS identified

15 in response to interrogatories no. 22, 23, and 24.

16 RESPONSE TO SPECIAL INTERROGATORY NO. 26:

17      No additional deficiencies were outstanding for members of the *Salimi* class.

18      The total amount of deficiencies involving consumers who did not receive a PRW

19 within the *Salimi* class period and were therefore not part of the *Salimi* class is $2,396,315.28.

20 SPECIAL INTERROGATORY NO. 27:

21      Stricken by Court.

22 SPECIAL INTERROGATORY NO. 28:

23      Identify the "members of BMW FINANCIAL SERVICES, NA, LLC" who drafted

24 the appropriate queries necessary to identify the "BMW FINANCIAL SERVICES, NA, LLC

25 California customers" that fell within the class definition.

26 RESPONSE TO SPECIAL INTERROGATORY NO. 27:

27      Defendants' Legal Department worked with the BMW Financial Services

28 Collections Department on the class definition, and employee Aaron Gillum then translated that into

JMBM | Jeffer Mangels
      | Butler & Mitchell LLP

1    the appropriate system query.

2    SPECIAL INTERROGATORY NO. 29:

3             Identify the different dates on which the database was searched.

4    RESPONSE TO SPECIAL INTERROGATORY NO. 28:

5             Several searches were performed for attorney-work product purposes throughout the

6    course of the *Salimi* litigation.  The date upon which the search for purposes of the settlement was

7    run was on October 8, 2014, and again on February 12, 2015.

8    SPECIAL INTERROGATORY NO. 30:

9             Stricken by Court.

10

11   DATED:  May 11, 2016              JEFFER MANGELS BUTLER & MITCHELL LLP
                                       MICHAEL J. HASSEN
12

13

14                                     By: /s/ Michael J. Hassen
                                            MICHAEL J. HASSEN
15                                     Attorneys for Defendant BMW FINANCIAL
                                       SERVICES NA., LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

BMW RESPONSES TO SPECIAL ROGS, SET
TWO; Case No. 4:12-cv-1765

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>VERIFICATION</u>

I, _CHRIS CHADLY_ declare:

I am _Title Service Manager_ for BMW Financial Services, NA, LLC and I have been authorized to make this verification on its behalf.

I have read the foregoing RESPONSES TO PLAINTIFFS' SECOND SET OF SPECIAL INTERROGATORIES TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC and know its contents. The same is true of my own knowledge, except as to those matters which are based on information and belief, and as to those matters, as I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Hilliard, Ohio, on this ___ day of May, 2016.

PRINTED ON
RECYCLED PAPER
SF 2135498v1

- 5 -    BMW RESPONSES TO SPECIAL ROGS, SET
TWO; Case No. 4:12-cv-1765

**PROOF OF SERVICE BY MAIL**

*Mohammad Salimi, et al. v. BMW Financial Services NA, LLC, et al.*

I am a citizen of the United States and I am employed in the city and county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On May 11, 2016, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document:

**RESPONSES TO PLAINTIFFS' SECOND SET OF SPECIAL INTERROGATORIES TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC**

in a sealed envelope, postage fully paid, addressed as follows:

ATTORNEYS FOR PLAINTIFFS:

Kemnitzer, Barron & Krieg, LLP
Bryan Kemnitzer
Nancy Barron
Elliot Conn
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

Chavez & Gertler, LLP
Mark A. Chavez
Nance F. Becker
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

BMW RESPONSES TO SPECIAL ROGS, SET TWO; Case No. 4:12-cv-1765

PRINTED ON
RECYCLED PAPER
SF 2135498v1

1         I declare under penalty of perjury under the laws of the United States of America and

2    the State of California that the foregoing is true and correct.

3         Executed on May 11, 2016, at San Francisco, California.

4

5    KATHY WALKER KOHLI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER
SF 2135498v1

BMW RESPONSES TO SPECIAL ROGS, SET
TWO; Case No. 4:12-cv-1765